White's Creek Turnpike Company *v.* The State.

---

## WHITE'S CREEK TURNPIKE COMPANY *v.* THE STATE.

CRIMINAL LAW. *Constitutional law.* A turnpike company is not protected from indictment for failing to keep its road in repair by a provision in its charter, that if the company fail to keep its road in repair for the space of twenty days, upon information given, a justice of the peace shall summon three freeholders, and if, in the presence of said justice, said freeholders find said road out of repair, the tolls shall cease until the road is repaired, and the person entrusted with the repair of the road shall be subject to a fine of ten dollars, one-half to go to the prosecutor and the other to the county.

---

### FROM DAVIDSON.

---

Appeal in error from the Criminal Court of Davidson county.    MATT. W. ALLEN, J.

DEMOSS & MALONE for Turnpike Company.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

The defendant was convicted upon an indictment for allowing its road to get out of repair, and has appealed in error to this court.

The defendant's charter was passed January 2, 1830. See acts of 1829 and 1830, page 188.

The first few sections provide for the organization of the company, the election of a president and directors, prescribing their duties, and the kind and width of the road to be built, modified in this latter particular by the acts of 1867 and 1868, and authorizing and regulating the establishment of toll-gates thereon.

The eighth section of the act provides, if said company fail to keep said road in repair, for the space of twenty days, upon information given, a justice of the peace shall summon three freeholders, and if in presence of said justice said freeholders find said road out of repair, the tolls shall cease until the road is repaired, and the person entrusted with the repair of the road shall be subject to a fine of ten dollars, one-half to go to the prosecutor, the other to the county.

The defendant relies upon this eighth section of its charter as an exemption from indictment, because the acts of 1831 and 1835, making the offense charged in the indictment indictable, were passed after defendant's incorporation, and, as insisted, those acts were only intended to be operative where no specific remedies for such default were prescribed in the charter.

The argument is, that by defendant's charter, a new right was given, and a specific relief given for the violation of such right, and a new offense was created, and a penalty prescribed for it. And in such case the remedy or punishment is confined to that given by the statute creating the charter. Authorities are cited in support of the general principle insisted on.

But this court, in a case like the one at bar, has held that a turnpike company may be prosecuted criminally for failing to keep their road in repair, although their charter provides for the inspection of the road and throwing open the gates while the road is out of repair: Simpson v. The State, 10 Yer., 525.

In that case, as in this, it was insisted that the charter having provided a penalty for permitting the

road to be out of repair, the Legislature could pre-scribe no other. To this, Judge Reese, delivering the opinion of the court, replies: " Why not?" "Are the proprietors subjected by the acts of 1831 and 1835 (new Code, sec. 1475, *et seq.*), to any new duties or heavier burdens?" "Are their rights, under their char-ter, divested, or their privileges curtailed?" "Surely not. If they perform the duty imposed on them, by their charter and keep their road in repair, they will escape the opening of their gates and payment of fines imposed by the court."

Their obligation is to keep their roads in the con-dition required by their charter for the safe and con-venient passage of the public over it. And this duty they may be compelled to perform by such legislative action as may be necessary to insure to the public safe and convenient passage over it.

The forfeiture of tolls provided in the charter, it was said in the case cited, was found by experience inadequate to compel the proprietors of turnpike roads to keep their roads in the repair required by their charters. And the acts were found neccessary to com-pel them to perform their duty to the public by re-quiring them to keep their roads in such condition as would not endanger those who passed over them. See also the case of the *Fayetteville & Columbia Turnpike Company* v. *The State*, 15 Lea, 578.

We are of opinion that there is no error in the record, and the judgment below will be affirmed.