IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

## EASTERN DIVISION.

KNOXVILLE, SEPTEMBER TERM, 1900.

---

McANDREWS *v.* HAMILTON COUNTY.

(*Knoxville.* September 22, 1900.)

COUNTY. *Liability for its employee's negligence.*

A county is not liable for injury caused by the negligent discharge of duty by one of its employees engaged in the service of one of its public institutions—*e. g.*, a house of correction and reformation for the young—although the statute that authorized did not make compulsory, but left optional with the county, the establishment and maintenance of such institution, and regardless of the fact that the institution may yield an income that supports it, or may yield more or less than that, or nothing at all.

Code construed: § 496 (S.); § 462 (M. & V.); § 404 (T. & S.).

McAndrews *v.* Hamilton County.

Cases cited: Wood *v.* Tipton County, 7 Bax.. 112; Grant *v.* Lind-
say, 11 Heis., 651; Railroad *v.* Wilson County, 89 Tenn., 604;
Turnpike Co. *v.* Davidson County, 14 Lea, 74; Hawkins *v.* Jus-
tices, 12 Lea, 356.

FROM   HAMILTON.

Appeal in error from Circuit Court of Hamilton
County.  FLOYD ESTILL, J.

JOHN ALEXANDER CAMPBELL for McAndrews.

JOHN H. EARLY for Hamilton County.

WILKES, J.  This is an action for damages for
personal injuries.

One J. C. Kalleen was joined in the summons,
but does not appear to have been served with
process or further proceeded against.

The declaration having been filed, was demurred
to; the demurrer was sustained and the suit dis-
missed, and the plaintiff has appealed to this
Court and assigns as error the action of the
Court in sustaining the demurrer.  The declaration
sets out the cause of action in substantially the
following language:

That the county of Hamilton is a corporation
and has established at a place called Jersey, within
its limits, an institution for the reformation, cor-

McAndrews *v.* Hamilton County.

rection, employment, and instruction of incorrigible youths of both sexes, and that in the proper conduct and management of this institution it became the owner of a buggy and a mule; that on the 9th of September, 1899, this mule was hitched to the buggy, and was carelessly tied to a post of the porch of a storehouse at a dummy railroad station on Sherman Heights; that when the dummy train steamed up to the station, as it usually did and as the defendant might anticipate that it would, the mule took fright, broke the bridle and left the premises, carrying the buggy with him, rushed with great violence and speed up Glass street, without any driver or bridle, until he ran over the plaintiff, threw him to the ground and broke the bones of his left foot, from which he suffered great agony and was made a cripple for life; that the wrong consisted in gross carelessness and negligence in the conduct and use of the mule and buggy for the purposes indicated; and for the injury done he asks damages in the sum of $2,500.

The county in its demurrer says it was performing a public duty and exercising a part of the sovereign power of the State, imposed on it by statute in operating this institution, and is not liable for the tortious act of its servants in carrying on the institution for the laudable purpose mentioned.

In the argument of counsel for the plaintiff,

21 P—26

it is insisted that the county cannot shield itself behind the plea of State sovereignty delegated to it.

It is further said that while Hamilton County does not lack anything but a great seal to make it a State, still the house of correction is a county institution which it chooses, but is not compelled by law, to maintain, and hence a plea that it is exercising a duty or function of State sovereignty cannot be interposed as a defense to the torts of those in charge of it. Exactly what functions a mule has to perform in a reformatory institution is not stated. Whether he was used as an example or as a warning does not appear. The declaration, however, concedes that the mule and wagon were necessary to the operation of the institution and were used for its purposes, and the negligence alleged is in tying the mule, when it might be anticipated and expected it would become frightened and break loose. Under the declaration and demurrer the case is made to rest upon the general liability of the county for the negligence of its employees in the conduct of one of its public institutions authorized by statute, but optional with the county whether it would or would not establish it.

The county is authorized, in its discretion, to establish such an institution by an Act of the General Assembly, the object being to reform as well as confine and punish youthful offenders against the laws of the State.

It is in a certain sense a penal institution, being a substitute for a jail or penitentiary, its scheme being to not only punish but at the same time to discipline and reform the young of both sexes who have committed small offenses or are likely to become outcasts in society.

In *Wood* v. *Tipton County,* 7 Bax., 112, it was held that a county was no more liable to be sued for the neglect of its officers than is the State for the negligence of its officers in the discharge of their public duties.

But in such matters it can do only such acts as may be allowed, that is, authorized by law. Shannon, § 496. It can exercise that portion of the sovereignty of the State communicated to it by the Legislature, and no more. *Grant* v. *Lindsay,* 11 Heis., 651; *Railway Co.* v. *Wilson County,* 5 Pick., 604.

Its liability to suit only extends to matters of contract and not to torts or the negligence of its employees. Hence an action for damages will not lie for laying off a. public road by the County Court, which was afterwards declared by the Court to be a shun-pike and ordered to be closed. *Turnpike Co.* v. *Davidson County,* 14 Lea, 74; *Grant* v. *Lindsay,* 11 Heis., 651; *Hawkins* v. *Justices,* 12 Lea, 356.

The general rule is that counties are not liable for torts or negligence in the condition, use, and

management of public institutions. Many reasons are assigned.

1. That there is no fund out of which satisfaction could be had.

2. That it is better that an individual should suffer than that the public should sustain an inconvenience.

3. That it is a subordinate political or governmental division of the State.

4. That its function or action in regard to such institutions are legislative, and that neither the State or county could be sued on such account.

5. That counties are instrumentalities of government and partake of the immunities of States while acting in a governmental capacity.

On the other hand, it has been held that when a county elects to act under a power which the law does not compel it to exercise, but assumes a duty not required, it must answer for all injuries done in the discharge of that power.

We are of opinion this exception to the general rule could only apply where the county was exercising such power in a matter for its peculiar benefit, if such case can arise under our system of government, and does not apply when the county is exercising a function of government, even though it be one that the county, at its option, might leave to the State.

The difference in the cases is illustrated in

*Lloyd* v. *New York,* 5 N. Y., 369 (S. C., 55 Am. Dec., 347); and in *Maximilian* v. *New York,* 62 N. Y., 164 (S. C., 20 Am. Rep., 469), where Judge Folger says: "One is that kind which arises from the grant of a special power in the exercise of which the municipality is a legal individual. The other is that kind which arises or is implied from the use of political rights under the general law, in the exercise of which it is as a sovereign. . . . When the power is intrusted to it as one of the political divisions of the State and is conferred, not for the immediate benefit of the municipality, but as a means to the exercise of the sovereign power for the benefit of all citizens, the corporation is not liable for nonuser or misuser by the public agents."

The general doctrine, with the limitations and exceptions, is fully laid down and illustrated in the case of *Hughes* v. *The County of Monroe,* 39 L. R. A., 33; *Markey* v. *Queen County,* 39 L. R. A., 43; *Board of Comms.* v. *Allman,* 39 L. R. A., 58; and the notes to these cases.

In *Alleman* v. *Albany County,* 25 Hun., 551, it was held that a county was not liable to a convict for an injury to him caused by compelling him to approach a circular saw which was in motion and not properly protected and hence dangerous.

As further illustrating the general rule, it was

held in *Frye* v. *Albermarle County*, 86 Va., 195 (S. C., 19 Am. State Rep., 579), that a county was not liable in a case where a convict in a chain gang negligently drove a horse and cart against and in collision with the plaintiff's buggy.

Now, in the conduct and management of this institution the county of Hamilton was exercising a function of government delegated to it by the State, and it does not matter if in so doing the institution was made to sustain itself or even yield a revenue. *Curran* v. *Boston*, 151 Mass., 505 (S. C., 8 L. R. A., 243); *Peoples Society of New York Hospital* v. *Purdy*, 126 N. Y., 679; *Benton* v. *Boston Hospital*, 140 Mass., 13 (S. C., 54 Am. Rep., 436); *Downs* v. *Harper Hospital*, 25 L. R. A., 602; *McDonald* v. *Mass. Hospital*, 21 Am. Rep., 529.

We are of opinion the county is not liable on the grounds stated. Mr. Kalleen, the superintendent of the institution, is not before the Court, as an officer or individual, not having been served with process.

The judgment is affirmed with costs.