Rhea County *v.* Sneed.

RHEA COUNTY *v.* SNEED.

(*Knoxville.* November 10, 1900.)

1. COUNTY. *Not liable for labor done on public bridge.*

The law implies no contract on the part of a county to pay the laborers employed in the construction of a public bridge, where it, through commissioners, let the contract for the building of the bridge to a bridge company, at a stipulated price, and that company and its subcontractors employed such laborers. (*Post, pp. 582–585.*)

Case cited : Madison County *v.* Gibbs & Dean, 9 Lea, 383.

2. SAME. *Not liable for the neglect of its Bridge Commissioners.*

The general rule that a county is not liable for damages resulting to third persons from the neglect of its officers in regard to the public highways, applies and operates to exempt the county from liability to anyone for the neglect of its Bridge Commissioners, in letting a contract for the construction of a public bridge, to take the bond required by the Act of 1899 from the contractor, conditioned to "pay for all materials and labor used in said contract." (*Post, pp. 585–587.*)

Act construed : Acts 1899, Ch. 182.

Cases cited: Wood *v.* Tipton County, 7 Bax., 112; White's Creek, etc., Co. *v.* Davidson County, 14 Lea, 73; Williams *v.* Taxing District, 16 Lea, 535.

3. BRIDGE COMMISSIONERS. *Liability for failure to take bond for benefit of laborers and materialmen.*

A public bridge is a "public work" within the meaning of the Act of 1899 forbidding the letting of "any public work" for city, county, or State, "until the contractor shall first execute a good and solvent bond, to the effect that he will pay for all materials and labor used in said contract," and County Bridge Commissioners letting such bridge without exacting such bond, are not only indictable under said Act, but liable, in a civil action, for any damages resulting to laborers and materialmen who would have been protected by the prescribed bond, if executed. (*Post, pp. 585, 586.*)

Act construed : Acts 1899, Ch. 182.

Rhea County *v.* Sneed.

Cases cited: Queen *v.* Dayton, etc., Co., 95 Tenn., 458; Reden *v.* Grimm Bros., 97 Tenn., 220.

FROM RHEA.

Appeal in error from Circuit Court of Rhea County.   M. D. SMALLMAN, J.

J. O. BENSON and A. P. HAGGARD for Rhea County.

B. G. McKENZIE for Sneed.

CALDWELL, J.   Under the appointment and authority of the County Court of Rhea County, three commissioners contracted with the Groton Bridge Company to erect a bridge across Richland Creek, in that county, at the price of $1,875, to be paid as follows: $1,000 when the substructure should be ready for the superstructure, and the remaining $875 when the entire structure should be completed.

For some unexplained reason, the commissioners failed to exact the contractor's bond contemplated by Chapter 182 of the Acts of 1899, and it was not executed.

The Groton Bridge Company sublet the construction of the substructure to Thompson, and he in turn sublet it to Nipper, who employed numerous laborers to do the work for him.   While

inspecting the work as it progressed, the commissioners, on different occasions, saw these laborers engaged upon the masonry in the abutments, but assumed no control of them and made· no contract with them. Robert Sneed was one of these laborers. When his services were ended and his employer, Nipper, had paid him only a part of the compensation due him, he demanded the residue from the commissioners, who refused to pay it upon the ground that they had not employed him, and therefore owed him nothing. This demand was made and payment refused after the substructure was completed, before final settlement with the original contractor, and when the county still owed it the latter installment of $875. After the bridge had been finished, accepted and paid for, Sneed, to whom the balance was still due from Nipper, brought this suit to recover the amount thereof from the county.

The Circuit Judge tried the case without a jury, and adjudged the county liable "both at common law and because of the failure of the commissioners to take bond as required by Chapter 182, Acts of 1899," for the sum claimed; and the county appealed in error.

The learned trial Judge was in error.

Clearly common law responsibility on the part of the county for the debt could properly be based alone upon an express or an implied contract, and neither of these is shown in the proof. It is

not contended that Sneed had an express contract with the county, nor is the fact that the commissioners frequently saw him with other laborers at work on the masonry, and afterwards accepted the completed structure, sufficient to raise an implied promise on the part of the county in his favor. They engaged the Groton Bridge Company to furnish a finished structure for an agreed price, and had the legal right to assume that it would pay for all labor and material employed; and by paying that price to that company they absolved the county from all liability for the benefits received.

If the Groton Bridge Company had abandoned its contract, and Sneed, with the knowledge of the commissioners, had then constructed the bridge and it had been accepted, the case would be like that of *Madison County* v. *Gibbs & Dean,* 9 Lea, 383, and he, under the authority of that case and upon principle, would be entitled to a recovery against the county for the benefits conferred, on the ground of an implied promise to pay therefor, but, as has been seen, such is not the case presented in this record. Here the performance of the express contract by and with the Groton Bridge Company for the completed structure necessarily precludes the idea of an implied contract with Sneed or any other laborer doing a part of the work. An express contract with one person to perform the whole of a certain piece of work

is utterly inconsistent with an implied contract with another person to do a part of the same work, and, being so, the two cannot have legal efficacy at the same time.

The law never implies a promise from a situation clearly covered by an express contract, as in this instance.

The object of Chapter 182 of the Acts of 1899, as recited in the title, is "to protect laborers and furnishers of materials on public works." The first section prohibits the letting of "any public work" for city, county, or state "until the contractor shall first execute a good and solvent bond to the effect that he will pay for all materials and labor used in said contract." The second and fourth sections authorize every unpaid laborer and materialman, who has given the prescribed notice of his demand, to bring an action upon that bond in his own name; and the third section makes it a misdemeanor for any officer to let a contract for any public work without requiring the bond provided for in the first section.

Undoubtedly the structure erected by the Groton Bridge Company was a "public work" within the contemplation of this Act, and the county's commissioners were as certainly guilty of a misdemeanor in letting the contract without first taking the required bond.

Under a well established rule of law, that

marked dereliction of positive duty on the part of the commissioners constitutes negligence *per se,* and renders them liable not only to a criminal prosecution for the statutory misdemeanor, but also to a civil action for damages resulting to laborers and materialmen who would have been protected by the prescribed bond if executed. *Queen* v. *Dayton Coal & Iron Co.,* 95 Tenn., 458 and citations; *Riden* v. *Grimm Bros.,* 97 Tenn., 220 and citations.

It does not follow, however, that the county is liable for the neglect of its commissioners. The duty of requiring the prescribed bond is by the statute devolved upon the "public officer" charged with letting the contract, and for the failure to perform that duty, the statute declares "such officer shall be guilty of a misdemeanor" (secs. 1 and 2). The duty and liability for its breach are imposed on the same person; consequently, these commissioners, who should have taken the bond, and not the county, are responsible for the omission disclosed in this case. The mere fact that the commissioners were appointees of the county and acting for it, does not render it responsible for their failure to take the bond. Their departure from the course of duty in this regard was in no legal sense the act of the county, nor one for which any statute fixes liability upon the county.

It is a general rule that a private action cannot be maintained against a county for damages

Rhea County *v.* Sneed.

arising from the neglect of its officers in connection with public highways, unless some statute confers the right to do so. Cooley's Const. Lim., 247; *Wood* v. *Tipton County,* 7 Bax., 112; *White's Creek Turnpike Co.* v. *Davidson County,* 14 Lea, 73; *Williams* v. *Taxing District,* 16 Lea, 535.

It results that this action is not authorized by the common law or by the statute, and that the judgment must be reversed, and the case having been tried below without a jury, this Court rendering the judgment the trial Judge should have rendered, dismisses the suit at the cost of Sneed.