STATE EX REL *v.* JUSTICES OF WAYNE COUNTY.

(*Nashville.* January 11, 1902.)

MANDAMUS. *Does not lie to compel erection or completion of public bridge.*

Mandamus does not lie to compel the Justices of a County Court to erect a public bridge, or to complete one already partly built, or to levy tax or make appropriation of funds for that purpose, no matter how urgent the public necessity may be for such bridge. The powers of County Courts over the public roads and bridges are legislative and discretionary, and their exercise will not be enforced or controlled by the Courts.

Cases cited: Wood *v.* Tipton County, 7 Bax., 112; Turnpike Co. *v.* Davidson County, 14 Lea, 73; Grant *v.* Lindsay, 11 Heis., 651; Railway Co. *v.* Wilson County, 89 Tenn., 603; Hawkins *v.* Justices, 12 Lea, 351; McAndrews *v.* Hamilton County, 105 Tenn., 399.

---

FROM WAYNE.

---

Appeal in error from the Circuit Court of Wayne County. SAM HOLDING, J.

R. A. HAGGARD and JOHN A. PITTS for Relators.

L. A. HARDIN, D. W. BROYLES and HAMILTON PARKS for Justices.

State *ex rel v.* Justices of Wayne County.

McAlister, J. This is a petition for the alternative writ of mandamus to require the Justices of Wayne County to levy the necessary tax and complete a bridge partly built over Ross Creek, in said County. The Circuit Judge, on motion of the defendants, quashed the alternative writ. The relators appealed and have assigned errors. The petition was filed by four citizens and taxpayers of said county, and alleged that said bridge is on a public road (the Clifton and Linden road) leading into the town of Clifton, in said county, from the east, and crossing a creek lying just outside the corporate limits of Clifton; that said bridge was originally a wooden structure resting on stone piers, and was built by private subscription several years prior to 1891; that at its April Term, 1891, the County Court took charge of said road and classified it as a third-class road; that in 1895 the Court reclassified the road, making it a second-class road. At the June term, 1898, a committee was appointed for the purpose of "contracting for the repair of, or the building anew of said bridge; that for this purpose the Court levied a special tax, but confined the committee to an expenditure of two hundred and fifty dollars; that the committee at once had an iron or steel span placed on the stone piers of the old bridge at a cost of about $250.00; and the work was paid for by the county, but that no approaches were built;

although the span was inaccessible from either side; that such is its condition at present, said Court having done nothing toward completing the bridge; that the banks of said creek are so high and steep, and the waters so deep therein, that it cannot be crossed except upon a bridge; that the people living east of said creek cannot get to Clifton for trade, or for any other purpose, without going miles out of their way around the head of the creek, and coming into the town over the road which enters it from the south; that petitioners are merchants doing business in Clifton, and that Clifton is the principal trading point of a large number of citizens of said county living east and northeast of said town, who, together with petitioners, are vitally interested in having said bridge completed; that the road commissioners and overseer are unable to complete the said bridge for lack of funds; that at the January Term, 1900, of said County Court, petitioners demanded of defendants that they complete said bridge, but that this demand was refused, and that thereupon petitioners filed the petition herein. Defendants moved to quash said petition on the ground that the facts stated are not sufficient to authorize the writ, and because the Justices are the judges as to the necessity and propriety of building or repairing bridges across streams over the public highways of the county, and cannot be compelled by *mandamus* to levy

taxes for the building or repairing of such a bridge, or to build or repair a bridge across a stream over a public highway. The Court sustained the motion, quashed the writ, and dismissed the suit. Was this a correct disposition of the case?

The law is well settled in this State that the opening, closing and changing of public roads, and the construction of public bridges thereon, within the limits of the county, are matters resting within the discretion of the County Court. *Wood* v. *Tipton County,* 7 Bax., 112; *White's Creek Turnpike Co.* v. *Davidson Co.,* 14 Lea, 73. In the former case, Chief Justice Nicholson, for the Court, said, viz.:

"The power of County Courts over roads, bridges, etc., is a prerogative of sovereignty delegated by the Constitution · to the County Court. Each county is declared by the statute to be a corporation, and the Justices of the County Court are the representatives of the county, and authorized to act for it. The County Court, within the powers prescribed by the Constitution and laws, is the legislature for the people of the county, and bears a relation to the people of the county analagous to that which the General Assembly bears to the people of the State. Within their prescribed spheres the counties legislate for the public good, in respect to ordering the laying out of roads, building bridges, and such

State *ex rel v.* Justices of Wayne County.

other local improvements as are for the public benefit, and authorized by law."

In *Grant* v. *Lindsey,* 11 Heis., it was said that the powers conferred by law upon the County Courts, in regard to roads, and many other subjects, whether called police or municipal, are in their nature legislative powers. In *White's Creek Turnpike Co.* v. *Davidson Co.,* 14 Lea, 73, it was said that the power to open roads, this Court has uniformly held, is a prerogative of sovereignty, which has been delegated by the Legislature to the County Courts, and is exercised by them as a municipal function. The Court said, in *Railway Co.* v. *Wilson Co.,* 5 Pickle, 603, viz.: "We concede that, in the exercise of their powers with respect to public roads and the levy of taxes for county purposes, County Courts are properly said to act as miniature legislatures, and to perform legislative or municipal, rather than judicial, functions. *McAndrews* v. *Hamilton Co.,* 21 Pickle, 399; *Hawkins* v. *Justices,* 12 Lea, 351.

In *Horton* v. *Nashville,* 4 Lea, 39, it was adjudged that the Court of Chancery has no power to compel a municipal corporation to exercise a power left to its legislative discretion, and, therefore, a bill to coerce the construction of a sewer in a particular direction cannot be entertained, etc. If such a power exists in the Court, it may be exercised to control the discretion of the

local legislature in opening, grading, and improving streets, or in any other matter about which that body may be authorized to legislate. The corporate functions would no longer depend upon the deliberate action, after consideration of all the circumstances, including the ways and means, of the municipal council, but upon the verdict of a jury or the decree of a court. The distinction between the political or discretionary powers of the governing body of a municipal corporation, and the exercise by the corporate authorities of ministerial powers, is everywhere recognized. Dill, Mun. Cor., Secs. 753-778.

It is argued, however, by learned counsel for the relators, that this general rule is not applicable in the present case, for the reason that the County Court, having elected to build the bridge, and exercised its discretion, it may now be compelled to complete it. There are two conclusive answers to this position—first, the County Court only elected to build a bridge that would cost $250.00; second, the County Court has a right to abandon a public improvement whenever, in its opinion, the public interest will not justify a further appropriation. We see nothing in our statutes that would authorize this Court to exercise the jurisdiction invoked in this case.

Affirmed.