ADE CHANDLER *v.* DAVIDSON COUNTY *et al.*

(*Nashville*. December Term, 1919.)

1. **COUNTIES.** Liability for nuisance stated.

A county, although not liable for misfeasance of its agents is not authorized to commit a nuisance either public or private. (*Post*, pp. 272, 273.)

Cases cited and approved: Burnett v. Maloney, 97 Tenn., 697; Whites Creek Turnpike Co. v. Davidson Co., 84 Tenn , 73; Wood v. Tipton County, 66 Tenn., 112; Williams v. Taxing Dist., 84 Tenn., 531; McAndrews v. Hamilton County, 105 Tenn., 400; Rhea County v. Sneed, 105 Tenn., 581; State v. Wayne County, 108 Tenn., 262; Pierce v. Gibson County, 107 Tenn., 233.

2. **HIGHWAYS.** Ditch in road constituted nuisance so the county was liable for resulting injuries.

Where a county, acting through its road commissioners and the superintendent of the county workhouse board, in repairing a road, has constructed a ditch in the roadway in front of the entrance to a residence, nine feet long, four feet wide and three and one-half feet deep, without any guards, the construction of such ditch *held* to constitute a nuisance, and the county was liable to one falling therein, regardless of its liability for misfeasance of agents. (*Post, pp.* 272, 273.)

3. **HIGHWAYS.** Distinction between failure to repair roads and commission of nuisance as to liability of county for resulting injuries.

In constructing a new road, a county acts for the sovereign, because the State has delegated its sovereignty therein to the county for that purpose; but the State does not authorize it to commit a nuisance, such act not being an attribute for injuries caused by such nuisance. (*Post, p.* 273.)

Chandler v. Davidson County.

Case cited and approved:  Southern Railway v. Memphis, 126 Tenn.,
   267.

4. **HIGHWAYS.**   County officers or agents liable for nuisance com-
   mitted by them in constructing road resulting in injuries to pedes-
   trian.

   Where a county, acting through its road commissioners and super-
   intendent of workhouse, in constructing and repairing a road, has
   created a nuisance consisting of a deep ditch in the road at the
   entrance to a private residence, and a pedestrian is injured by
   falling therein in the dark, both the county, its road commissioners,
   and the superintendent of the workhouse, were liable, and it was
   error to dismiss a suit for personal injuries so sustained as to the
   commissioners or superintendent.   (*Post, pp.* 273, 274.)

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County to
the Court of Civil Appeals, and by *certiorari* to the
Court of Civil Appeals from the Supreme Court.—Hon.
A. G. Rutherford, Judge.

Wm. Noble and Parks & Bell, for appellant.

J. D. De Bow, T. J. McMorrough, Jno. W. Hilldrop
and Horace Osment, for defendants.

Mr. Chief Justice Lansden delivered the opinion of
the Court.

This is an action for personal injuries brought by the
plaintiff against Davidson county, the board of work-
house commissioners, and others, to recover damages for
personal injuries upon the following facts, as stated by
the court of civil appeals, and which statement is adopt-
ed by her in the brief of her counsel in this court:

"This is an action for the recovery of damages for personal injuries alleged to have been sustained by plaintiff as a result of falling into a hole or ditch by the side of a public road or turnpike in Davidson county, at or near where it is intersected by a roadway leading through a gateway across the lawn into the country home of W. S. Noble, a member of the Nashville bar, upon the theory and averment that the hole as located was a public nuisance created by the defendants and allowed by them to become and remain a constant and standing menace and nuisance.

"The action is against Davidson county and W. C. Hirsig, H. B. Chadwell, W. M. Pollard, S. F. Newsom, and J. R. Allen, as members of the county workhouse board, and George Hobson, superintendent of the county workhouse, they being sued in their individual, as well as official character, and the damages sued for are laid at $25,000.

"The court below, upon the conclusion of the evidence, and upon motion by them to that end, instructed the jury to return a verdict in favor of the defendants Pollard, Hirsig, Allen, Chadwell, and Newsom, which was accordingly done, and the suit dismissed as to them, both in their capacities as workhouse commissioners, and as well individually.

"The jury returned a verdict in favor of George Hobson, and the suit was dismissed by the court as to him. The jury found the issues in favor of the plaintiff and against the defendant Davidson county and assessed damages in her favor and against the county in the sum of $10,000, whereupon judgment was so pronounced and

for costs, and from the result thus reached and judgment so pronounced this appeal is being prosecuted, and errors have been assigned by Davidson county for the alleged error in pronouncing judgment against it according to the verdict of the jury, and by Ada Chandler, the plaintiff, who filed the record for error, because of the court's action in dismissing the case or awarding peremptory instructions of dismissal as to the defendants workhouse commissioners, Pollard, Hersig, Chadwell, Allen, and Newsom.

'It is altogether clear, we think, under the record, that the roadway in question was being constructed or repaired at the point where the accident to plaintiff occurred, resulting in her injury, under the authority of Davidson county, plaintiff in error, through and under the control or supervision of the board of road commissioners, W. M. Pollard, W. G. Hirsig, H. B. Chadwell, J. R. Allen, and S. F. Newsom, and the superintendent of the county workhouse, George Hobson, who had charge of the county convicts therein.

"It seems equally clear that during the progress of this work of repair, or the construction of the roadway in question, a ditch or excavation was made by those doing and in active charge of the work, some 9 feet in length, 4 feet wide, and 3½ feet deep. This hole or excavation was in or near the front entrance to the home of W. S. Noble, near the city of Nashville. It was at the edge of the macadam covered part of the roadway, and possibly may have extended a very limited distance into the edge of the macadam surface. The ditch was cut out of rock largely and was rough and

jagged to a degree on its sides and bottom. In this condition the hole or excavation was left unguarded for some time. The plaintiff on the night of the injury was coming from the city of Nashville with three other young ladies, and after alighting from the street car, a short distance away, was passing up the roadway going to the home of W. S. Noble, where the plaintiff was a visitor When thus approaching the gateway entrance to the grounds of the Noble home, in the darkness, an automobile approached from the rear at a very rapid rate of speed, and, in their effort to reach the entrance or gateway and avoid a collision with the machine the plaintiff fell into the hole.

The injuries suffered by the plaintiff as the result of the fall were quite serious. She had never regained her strength, was in a very depleted physical condition, and has been unable to discharge the ordinary duties of life devolving upon her, and at the same time she was examined she was a great sufferer. The entire scope of her difficulties are attributable, according to the record, to the injuries sustained from this fall. It is shown that the plaintiff was not familiar with conditions as they existed at this time, growing out of the improvement of the pike, including the excavation that has been made upon the said roadway and into which she fell and was injured. The night was dark and she could not see the hole or excavation. She with her companions were being pressed upon by the approaching automobile; the horn was being blown and the alarm sounded, and this greatly excited and frightened the ladies, including the plaintiff. No serious question seems to be made

but that the injuries which the plaintiff suffered were serious and perhaps permanent."

The court of civil appeals took the view that Davidson county was not liable for the injuries sustained by plaintiff, and reversed the circuit court and dismissed the suit as to it. A petition for writs of *certiorari* was filed in this court, and the case has been argued at the bar.

It is insisted for the county that it is not liable in any case for the negligence of its officers and agents, while, on the contrary, it is insisted for plaintiff that the action of the county's agents as set out by the court of civil appeals is a nuisance, both public and private, and the county does not have immunity from committing a nuisance either at law or in equity.

Ordinarily, there is a common distinction between counties and municipalities in their corporate character. Counties are not created for the purpose of general government, and because of this fact it has been said that they are corporations of low character, and cannot discharge corporate duties in the broad sense in which municipalities can discharge them. In *Burnett* v. *Maloney,* 97 Tenn., 697, 37 S. W., 689, 34 L. R. A., 541, it was said in substance that counties have their creation in the Constitution, and the statutes confer on them all the powers which they possess, prescribe all the duties they owe and impose all the liabilities to which they are subject. Considered with respect to their powers, duties, and liabilities, they stand low down in the scale of corporate existence. They are ranked as *quasi* corporations. They possess no powers except such as are con-

ferred expressly or by necessary implication, and those are strictly construed and must be strictly pursued. They are distinguishable from private corporations aggregate, and from municipal corporations proper, which are more amply endowed with corporate life and function, because such corporations are intended to exercise the general functions of government over the inhabitants within the corporate limits. It is also said in this case that counties are not liable to implied common-law liabilities as municipal corporations are.

In *Whites Creek Turnpike Co.* v. *Davidson Co.* (16 Lea, 24), 84 Tenn., 73, it was held that the liabilities of counties could not be increased by implication, and that the legislation effecting such an increase must be positive.

In *Wood* v. *Tipton County,* 7 Baxt., (66 Tenn)., 112, 32 Am. Rep., 561, the court decided the power of county courts over roads and bridges, and held that this power was a prerogative of sovereignty delegated by the Constitution to the county court. It was said in that case that the county is declared a corporation "to facilitate the execution of the powers delegated to it as a local legislature, and to enable it to make binding contracts and to be liable to suit for just claims arising under such contracts. But this is the extent to which, as corporations, counties can be sued."

It was generally considered by the courts and the profession that the citizen had no remedy against the county for an injury caused by the neglect of the county to keep the public road in good repair. *Williams* v. *Taxing District,* 16 Lea, 531; *Wood* v. *Tipton, supra;*

*Turnpike Co.* v. *Davidson County,* supra; Id., 14 Lea, 73; *McAndrews* v. *Hamilton County,* 105 Tenn., 400, 58 S. W., 483; *Rhea County* v. *Sneed,* 105 Tenn., 581, 58 S. W., 1063; *State* v. *Wayne County,* 108 Tenn., 262, 67, S. W., 72; 11 Cyc., 497.

These cases all hold that the county is not liable in tort for negligence of its agents in the discharge of their public duties upon the thought that there is no statute making it so liable, and the liability does not exist at common law, because of the limited nature of the corporate character of the county. It is not a general corporation, and is not organized for the purpose of exercising fully the functions of government. Its governmental capacity is much limited, and it exercises such powers of government as it has by virtue of the statute.

But such is not the question involved herein. Its nonliability for misfeasance of its agents is conceded by plaintiff, but it is insisted that the county, as a legal entity endowed by the legislature with power to build roads, is not authorized to commit a nuisance either public or private. We think this is true, and we also think that the condition created by the construction of the ditch as described herein is a nuisance as it stands. In the case of *Pierce* v. *Gibson County,* 107 Tenn., 233, 64 S. W., 33, 55 L. R. A., 447, 89 Am. St. Rep., 946, this court said that it was well settled that neither a municipality nor a county, in the construction of a public work, could commit a nuisance to the special injury of citizens, and for such act is liable as a private individual in damages. This, of course, is common-law

liability, and is based upon well-settled principles of the common law. No individual, natural or legal, has a right to commit a nuisance to the injury of the public or individuals.

The distinction between the act of the county in failing to keep the roads in proper repair and its act in constructing a new road, or remodeling an old one so as to create a nuisance, is perfectly plain. In constructing the new road the county acts for the sovereign, for the reason that the State has delegated its sovereignty to the county for the purpose of constructing the road; but the State has not authorized it to commit a nuisance, because such an act is not an attribute of sovereignty. The sovereign can do no wrong, and it is unthinkable that it could commit or maintain a nuisance: We think this is the theory of the distinction between the two acts. The practical justice of it we think is equally plain. It is not within the power of a citizen to prevent the county from deciding to construct a road at any time or place it may think the public welfare requires. *Southern Railway* v. *Memphis,* 126 Tenn., 267, 148 S. W., 662, 41 L. R. A. (N. S.), 828, Ann Cas., 1913E, 153. The law would be inadequate in this situation to permit the county to construct the road and hold it immune from responsibility for creating and maintaining a nuisance. It cannot erect a nuisance upon the property of a citizen so as to deprive or impair the use of such property.

In this case the nuisance consists of the construction and maintenance of the ditch and not of building the pike. Building the pike is one of the corporate func-

18—142 Tenn.

tions of defendant, and is authorized by statute. Con-
structing the ditch so as to obstruct the ingress and
egress of plaintiff to the premises of her host, and main-
taining the ditch as it was maintained, is the actionable
nuisance from which plaintiff has a cause of action.
There is no dispute in the record of the nature and ex-
tent of plaintiff's injuries, and there is no suggestion
in this court that the verdict and judgment for $10,000
were excessive. In the case of creating and maintaining
a nuisance, as this case plainly is, both the county and
its servants and agents would be liable. The court of
civil appeals reversed and remanded the case against
the agents and dismissed the case against the county.
We think this was erroneous and that all are liable; but
the cases of the county's agents and servants are not
before us, as no petitions were filed for *certiorari* for
them. The petition was filed as to the case against the
county alone.

In so far as the court of civil appeals reversed the
case against the county of Davidson, we think it was in
error, and the same is reversed, and judgment is en-
tered here for the amount of the verdict and the judg-
ment of the circuit court.