CAROTHERS *v.* SHELBY COUNTY *et al.*\*

(*Jackson.*   April Term, 1922.)

**BRIDGES.**   County not liable for damages from collapse of county bridge.

A county exercises delegated sovereign power in maintaining roads and bridges, and is not liable for negligence in the exercise of that power, though it would be liable for a nuisance which was an active continuing wrong beyond the scope of that power, and there can be no recovery against it for damages resulting from the collapse of a county bridge.

Cases cited and approved: White's Creek Turnpike Co. v. Davidson County, 84 Tenn., 24; Wood v. Tipton County, 66 Tenn., 112; Williams v. Taxing Dist., 84 Tenn., 531; McAndrews v. Hamilton County, 105 Tenn., 400; Rhea County v. Sneed, 105 Tenn., 581; State v. Wayne County, 108 Tenn., 262.

Case cited and distinguished: Chandler v. Davidson County, 142 Tenn., 266.

FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. BEN L. CAPELL, Judge.

GEORGE H. POOLE and FRANK S. ELGIN, for plaintiff in error.

W. T. MCLAIN and L. D. BEJACH, for defendants in error.

---

\*For liabilities of counties in actions for torts and negligence relating to maintenance of bridges see note 39 L. R. A., 33.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff in error sued Shelby county and its officers, the county board of commissioners, to recover damages for the death of her husband. The declaration charges that he was crossing over one of the county bridges in a truck, the structure of which gave way, and caused his death.

It is further charged that deceased did not know the condition of the bridge, which as constructed was a nuisance, and that the county knew it, and had been asked to condemn it but instead kept and maintained it in a dilapidated, dangerous condition, a source of worry and annoyance to the public, amounting to a nuisance. No specific wrong is charged to the individuals of the commission, and the cause of action rests upon the charge that the bridge as it existed was a nuisance.

A demurrer was interposed, and sustained by the circuit judge upon the ground that Shelby county is an integral part of the State, and neither it nor its officers can be subjected to actions of tort for failing to properly exercise a purely governmental function or duty, such as the construction and maintenance of roads and bridges.

It is urged that this was error, and in support of the insistence *Chandler* v. *Davidson County,* 142 Tenn., 266, 218 S. W., 222, is relied upon.

Confusion as to the rule applied in the Chandler case arises from a failure to observe the facts of the case, and the language of the opinion, which distinguishes between negligence, an omission of duty, and a nuisance, or active wrong. The court held in the Chandler case:

The nuisance consists in the construction and maintenance of a ditch, apart from the road, and not in the build-

ing of the road. Building the pike is one of the corporate functions of the county, and is authorized by the statutes. Constructing a ditch so as to obstruct premises, and constitute danger to people is the actionable nuisance.

The nuisance is not a mere omission of duty by the county while exercising the delegated sovereign power of maintaining roads and bridges, but an active continuing wrong beyond the scope of that power.

It is the general rule that a county, in exercising a prerogative of sovereignty delegated by the State, cannot be sued for injury caused by negligent construction and maintenance of public highways and bridges. *White's Creek Turnpike Co. v. Davidson County,* 84 Tenn., 24; *Wood v. Tipton County,* 7 Baxt., 112, 32 Am. Rep., 561; *Williams v. Taxing District,* 16 Lea, 531; *McAndrews v. Hamilton County,* 105 Tenn., 400, 58 S. W., 483; *Rhea County v. Sneed,* 105 Tenn., 581, 58 S. W., 1063; *State v. Wayne County,* 108 Tenn., 262, 67 S. W., 72; 11 Cyc., 497. We reaffirm the rule stated in these cases.

The writ is denied, and the judgment of the court of civil appeals affirmed.