JOSEPH W. VANCE *v.* SHELBY COUNTY *et al.**

## (*Jackson.* April Term, 1925.)

1. **BRIDGES. County not liable for injuries from failure of its officers and employees to erect barriers or place lights where bridge was removed.**

Negligence of officers and employees of county in failing to erect barriers or place lights or other warnings at place in road where bridge was removed does not render county liable for resulting injuries to automobilist. (*Post, pp.* 145-147.)

Cases cited and approved: Carothers v. Shelby County, 148 Tenn., 187; White's Creek Turnpike Co. v. State, 84 Tenn., 24; Williams v. Taxing District, 84 Tenn., 531; Rhea County v. Sneed, 105 Tenn., 581; State v. Wayne County, 108 Tenn., 262.

---

*On duty of municipality to light highway-bridge, see note in 28 L. R. A. (N. S.), 946.

On duty of county or town to maintain barriers along rural highways or bridges, see notes in 42 L. R. A. (N. S.), 267, L. R. A. 1915F, 973.

Vance v. Shelby County.

Cases cited and distinguished: Wood v. Tipton Co., 66 Tenn., 112; McAndrews v. Hamilton County, 105 Tenn., 399; Carothers v. Shelby County, 148 Tenn., 185.

2. **BRIDGES.** County officers and employees held liable for injuries from failure to erect barriers or warnings where bridge was removed.

County's officers and employees, failing to erect barriers or place lights or other warnings at place in road where bridge was removed by them, *held* guilty of misfeasance, rendering them liable for resulting injuries to automobilist. (*Post*, pp. 147-151.)

Cases cited and approved: State v. McClellan, 113 Tenn., 616; Tholkes v. Decock and Others, 125 Minn., 507; Mott and Others v. Hull, 51 Okla., 602.

Cases cited and distinguished: Hale v. Johnston, 140 Tenn., 198; Gamble v. Vanderbilt Univ., 138 Tenn., 636.

*Headnotes 1. Bridges, 9 C. J., Section 70; 2. Bridges, 9 C. J., Section 69.

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. M. R. Patterson, Judge.

McKeller, Keyser & Allen, for plaintiff in error.

L. D. Bejach and Jackson, Neil & Adams, for defendant in error.

Mr. Justice Hall delivered the opinion of the Court.

Joseph W. Vance, who will hereinafter be referred to as plaintiff sued Shelby county, E. W. Hale, William J. Bacon, Luther F. Jones, road commissioners of said county, A. M. Nelson, engineer of said county, and Thomas Dean, one of its employees, to recover damages for personal injuries sustained by him growing out of the creation and maintenance of an alleged nuisance.

Plaintiff's declaration, in substance averred that prior to and on or about September 10, 1924, there existed in Shelby county, Tenn., a public road which was under the direct supervision, charge, and control of defendants; that said road was known as the Germantown & Hacks crossroad; that there had existed for some time a bridge across Nonconnah creek, which constituted a part of said road; that this bridge was constantly being used by a large number of people who traveled said road; that on or before the day above mentioned defendants, without any warning or notice to those who had been invited to use said road and bridge, did unlawfully, willfully, and wrongfully cause said bridge to be burned and torn out, leaving said road at the point where said bridge was located an open chasm from twelve to fifteen feet deep and from thirty to fifty feet wide; that this chasm or opening so left by defendants in said road constituted a dangerous pitfall, snare, deathtrap and nuisance, which was likely to injure persons traveling said road, which fact was known to defendants, or should have been known to them; that, notwithstanding defendants had unlawfully, willfully, and wrongfully created and caused this dangerous pitfall and nuisance in said road, they failed to erect or cause to be erected and maintained any barriers or other obstructions to protect travelers using

said road; and failed to maintain lights or other warnings at said place, notifying persons who might use said road of its dangerous condition, on account of which plaintiff, while in the lawful use of said road, and wholly without knowledge of said pitfall, snare, or nuisance, and in the nighttime, drove his automobile into said chasm or opening, on account of which he sustained serious and permanent injuries, from which he suffered great physical pain and mental anguish, and for which he sues.

All of the defendants demurred to the declaration, setting up the defense that the matters and things complained of by plaintiff in his declaration grew out of the exercise of a governmental function by the county and its officers, for which they cannot be held liable in the absence of malice or corruption; and the further ground that the averments of the plaintiff's declaration only establish nonfeasance on the part of defendants and the further ground that the burning or tearing out of the bridge in question involved the exercise of discretion and judgment upon the part of said defendants.

The trial court sustained the demurrers of defendants, and dismissed plaintiff's suit as to all of said defendants. From this judgment plaintiff appealed to the court of civil appeals. That court affirmed the judgment of the lower court as to Shelby county, but reversed the judgment as to the other defendants named, and remanded the case to the trial court for further proceedings as to them. The case is now before this court upon the petition of plaintiff for *certiorari,* who complains of the action of the court of civil appeals affirming the judgment of the trial court as to Shelby county. The individual defendants, officers, and employees of Shelby county have

also filed petition for writs of *certiorari,* and to have the judgment of the court of civil appeals reviewed as to them.

We are of the opinion that the court of civil appeals was correct in affirming the judgment as to Shelby county. We think the case as to Shelby county falls within the rule announced in *Carothers* v. *Shelby County,* 148 Tenn., 187, 253 S. W., 708; *White's Creek Turnpike Co.* v. *State,* 16 Lea (84 Tenn.), 24; *Wood* v. *Tipton County,* 7 Baxt., 112, 32 Am. Rep., 561; *Williams* v. *Taxing District,* 16 Lea, 531; *McAndrews* v. *Hamilton County,* 105 Tenn., 399, 58 S. W., 483; *Rhea County* v. *Sneed,* 105 Tenn., 581, 58 S. W., 1063; *State* v. *Wayne County,* 108 Tenn., 262, 67 S. W., 72.

In *Wood* v. *Tipton County,* supra, it was held that, where a damage is sustained by reason of a failure to keep a public bridge in repair, the county is not liable. In that case the court said: "We have no statute subjecting counties to suits for damages arising from neglect of the county officers. The county is declared a corporation to facilitate the execution of the powers delegated to it as a local legislature, and to enable it to make binding contracts, and to be liable to suit for just claims arising under such contracts. But this is the extent to which, as corporations, counties can be sued."

In *McAndrews* v. *Hamilton County,* supra, the court said: "The general rule is that counties are not liable for torts or negligence in the condition, use, and management of public institutions. Many reasons are assigned.

"1. That there is no fund out of which satisfaction could be had.

"2. That it is better.that an individual should suffer than that the public should sustain an inconvenience.

"3. That it is a subordinate political or governmental division of the State.

"4. That its function or action in regard to such institutions is legislative, and that neither the State nor county could be sued on such account.

"5. That counties are instrumentalities of government and partake of the immunities of States while acting in a governmental capacity."

The contention of plaintiff that the instant case falls within the rule announced by this court in *Chandler* v. *Davidson County*, 142 Tenn., 266, 218 S. W., 222, is not well grounded. In that case the nuisance consisted in the construction and maintenance of a ditch, apart from the road, and not in the building of the road.

In discussing the rule announced in *Chandler* v. *Davidson County*, supra, in *Carothers* v. *Shelby County*, 148 Tenn., 185, 253 S. W., 708, the court said: "Confusion as to the rule applied in the Chandler Case arises from a failure to observe the facts of the case, and the language of the opinion, which distinguishes between negligence, an omission of duty, and a nuisance, or active wrong."

The court held in the Chandler Case that the nuisance complained of, and out of which the injuries to the plaintiff in that case grew, consisted in the construction and maintenance of the ditch, apart from the road, and not in the building of the road.

The creation of a nuisance is not a mere omission of duty by the county while exercising the delegated sovereign power of maintaining roads and bridges, but is

an active continuing wrong beyond the scope of that power.

We are of the opinion that the failure of the officers and employee of the county, who, it is alleged, destroyed, or removed the bridge from the road in question, to erect barriers or place lights or other warnings at the place where said bridge was removed for the protection of travelers, amounted to negligence, but such negligence did not render the county liable to plaintiff for the injuries sustained under the authorities above cited. The writ of *certiorari* will therefore be denied as to Shelby county.

We come now to a consideration of the assignments of error urged by the officers and employee of Shelby county to the action of the court of civil appeals reversing the judgment of the trial court as to them. We are of the opinion that the judgment of the court of civil appeals in this regard was correct. The plaintiffs declaration avers that these defendants "did unlawfully, willfully and wrongfully cause the bridge to be burned and torn out," etc.

In *Hale* v. *Johnston,* 140 Tenn., 198, 203 S. W., 949, 953, the court said: "Under these authorities, we consider it wholly immaterial whether it be considered that the negligence of defendants Hale and Duncan was misfeasance or nonfeasance. They had entered upon the discharge of their duties as county commissioners, and they owed an active duty, both to the public and to the inmates of the county workhouse, to see that the statutory mandate was carried out. Inaction would none the less be a misfeasance because they had assumed the discharge of the statutory duty, and failure to perform a positive duty is

positive wrong.  If one to whom the duty is individually owed suffers an injury as the proximate result of the failure to perform it, no reason can be perceived why the defaulting official should not be liable in damages.  *Gamble* v. *Vanderbilt* [138 Tenn., 616, 200 S. W., 510, L. R. A., 1918C, 875], supra.  The case last cited was a case of trustees of a public charity, but we apprehend that the principle involved is not different from that involved in this case.''

''The statute under consideration may involve judgment and discretion in working out the details by which the obligation which it imposes upon the commissioners is to be discharged, but nevertheless it is a plain and manifest duty, the doing or failure to do which is not within the discretion of defendants.  It is positive, absolute, and mandatory.  The commissioners cannot cast it off by willful neglect, or by a delegation of their duties to others.  The humanity of the law would be greatly impaired if it should be held that such a duty is discretionary with the defendants.  We would be slow to give the statute a construction which would justify the commissioners in exercising their discretion in so serious a matter as the one under consideration.  Nothing but the plainest mandates of the statute would be sufficient justification for doing so.''

In *Gamble* v. *Vanderbilt University,* 138 Tenn., 636, 200 S. W., 510, 514, L. R. A., 1918C, 875, the court said:

''Does this make a case of liability to a third party, or were the members of the committee on these facts liable only to their principal, the corporation?  We think it makes a case of liability to the third party.  It was not merely an act of nonfeasance for which there was re-

sponsibility of the intermediate servant to the master only, as for example the failure to have the elevator repaired, but a case of actual misconduct, suffering the elevator under their control to be operated that day when they knew it was unsafe and unfit for operation, thereby knowingly subjecting third parties to a great hazard. It was a case not of nonfeasance, but of misfeasance. Having this dangerous agency under their control, they owed to third parties the duty of operating it in such a manner as not to injure them.   According to the averment, they knowingly set in motion a dangerous agency which they knew, owing to its defects, would probably injure any passenger riding on it.   Under such circumstances they became active participats in the wrong inflicted, and cannot escape liability on the ground of their representative character.   .   .   .

"For nonfeasance an agent is responsible to his principal only.   For misfeasance he may be responsible to third parties also.   Nonfeasance is doing nothing.   Misfeasance 'is a failure to use in the performance of a duty owing to the individual, that degree of care, skill, and diligence which the circumstances   .   ...   reasonably demand." *State* v. *McClellan,* 113 Tenn., 616, 621, 85 S. W., 267, 3 Ann. Cas., 992.' "

We are of the opinion that the defendant officers and employee owed the plaintiff and others who might travel said road or highway the duty of warning them against said dangerous chasm or pitfall left in said road by the removal of said bridge and a failure to do so amounted to misfeasance, for which they would be liable, taking the averments of the declaration as true,

In *Tholkes* v. *Decock* and others, 125 Minn., 507, 147 N. W., 648, 52 L. R. A. (N. S.), 142, it was held that where. township highway officers, in the repair of a road within their district, removed a culvert extending across the same, and negligently and carelessly left a ditch resulting from the removal of the culvert open and exposed overnight, without lights, guards or warnings of any kind, and plaintiff, while traveling along the road, unaware of the dangerous condition thereof as negligently left by said officers, was injured, were liable for the injuries thus occasioned, notwithstanding the fact that the town of which they were officers was not liable.

In *Mott and others* v. *Hull,* 51 Okl., 602, 152 P., 92, L. R. A., 1916B, 1184, the plaintiff's suit was based on the claim that the county officers excavated for and put in a culvert across the entire traveled part of a public highway and left the work of constructing the road in such a way. as to be dangerous to travelers in the nighttime, and negligently failed to erect sufficient barriers and other forms of notice and warning to prevent persons using the road at night from running into and being damaged by the obstructions; and that plaintiff, in using said highway, because of such negligence of defendants, ran his car into the obstruction and wrecked it, causing the damage sued for. The defendants set up that they were trustee and treasurer, respectively, of the township where the work was done, and were charged by law with the power and duty of repairing the highways; that in so doing they were exercising an official and governmental function, and were therefore not liable in damages at the suit of plaintiff.

The judgment of the trial court awarding plaintiff a recovery for damage to his automobile was affirmed. The court, after citing many authorities to sustain this holding, said:

"So it seems that the township officers are individually liable to a person who may suffer special damages because of the negligent performance by such officers of a purely ministerial act, not involving the exercise of an official discretion. The question of the necessity for the culvert, its location, size, material, and construction would require the exercise of judgment and discretion; and it may be said in general that officers of whom the law requires the exercise of judicial functions, by whatever name they may be called, enjoy the protection of the judicial privilege in exercising such functions. No such official acts are involved here. The case rests solely on the claim that these defendants, after having properly exercised their discretionary power as to the construction of the culvert, undertook, in person and with the help of laborers under their personal superintendency, to do the work of making the culvert across the public road, which required an excavation therein, and that, after the excavation had been made, the road was left, through their negligence and want of care, obstructed and without sufficient barriers or other warning to travelers, so as to be dangerous to any one using the highway at night, and that such negligence resulted in the damage in this case."

We are of the opinion that there is no error in the judgment of the court of civil appeals reversing the judgment of the trial court as to the county officers and its employee. The writ will therefore be denied as to said officers and employee.