E. T. LEE *v.* DAVIDSON COUNTY, *et al.*

*(Nashville.* December Term, 1928.)

Opinion filed February 9, 1929.

M. S. Ross and W. S. Noble, for plaintiff in error.

Horace Osment, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

This appeal is from a judgment sustaining a demurrer to a declaration and dismissing the suit. The declaration alleged that Lee suffered injuries ''by reason of the neglectful acts and conduct of the defendants,'' the County of Davidson and its agents named, in that, the defendants, while repairing a highway, made such use of a tank, or vat, and motor trucks and certain attachments, in the heating and distribution on the roadway of tar products, as to cloud the highway with smoke and obstruct free passage by vehicles; and that plaintiff, approaching in his automobile, was given no warning of the dangerous condition thus created, and being suddenly enveloped in said smoke, conceiving himself to be in peril, sprang from his car upon and into the heated tar and was injured. The declaration charges that, on the facts thus substantially stated, the defendants created a nuisance, the evident purpose of the learned pleader being by this charge, which appears to us to be a deduction or conclusion of the pleader, to escape the well-established rule of non-liability of a county for injuries caused by negligence in the construction and maintenance of public highways.

*(1)* This general rule of non-liability for damages while engaged in the exercise of a governmental function is, of course, too well settled to require discussion. It has been reaffirmed in our recent cases. *Vance* v. *Shelby County,* relied on for appellant, 152 Tenn., 141; *Carothers* v. *Shelby County,* 148 Tenn., 185; *Johnson* v. *Hamilton County,* 156 Tenn., 298. And even in *Chandler* v. *Davidson County,* 142 Tenn., 265, wherein liability for creating and maintaining a nuisance was adjudged, it was said that ''Building the pike,'' and equally repairing it, ''is one of the corporate functions of defendant, and is authorized by statute.''

*(2)* The facts of the present case do not bring it within the exceptional nuisance doctrine. Analysis of the declaration discloses no more than negligent conduct incident to and in the direct course of the performance of the statutory duty of maintenance of the highway. And, while mere negligence in the manner of the performance would not give rise to liability under the rule, it is not shown that the manner of this performance was materially unusual or, indeed, unnecessary. In substance, the negligence alleged consisted in a failure to give adequate warning to plaintiff as he approached of the dangerous conditions which he encountered.

*(3)* And, with respect to this alleged lack of warning, we are unable to see why the noise and dense volume of smoke described in the declaration should not have served to warn an observant person as effectively as a red flag, or other signal, of the necessity for great caution on his part. It might well be insisted that one driving into such an apparent situation was guilty of contributory negligence. But, however, this may be, we think it clear that the failure to give warning was nothing more than

a negligent omission on the part of the defendants, for which under the authorities a county cannot be held liable in damages.

It results that the judgment must be affirmed.