MOORE *v.* LAWRENCE COUNTY.

(*Nashville,* December Term, 1949.)

Opinion filed June 9, 1950.

W. H. Lindsey, of Lawrenceburg, for complainant.

Gene Stockard, of Lawrenceburg, for defendant.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal presents a bill in equity filed against Lawrence County, to recover a fine paid in a criminal proceeding had against Complainant in the General Sessions Court of that County. The basis of Complainant's prayer for relief is that the fine of $200 assessed by the General Sessions Judge without a jury, was unconstitutional under Constitution Art. VI, sec. 14. The Chancellor sustained a demurrer and dismissed the bill. The Complainant has perfected his appeal.

The pertinent facts are these. The Complainant was arrested for illegal possession of whiskey, and illegal possession of whiskey for sale. Upon his arraignment, in the General Sessions Court and before any plea by

him, his attorney conferred with the Attorney General and the Judge of the General Sessions Court, and as a result of that conference, Complainant was advised that if he would enter a plea of "guilty" to simple possession, and pay a fine of $200, the prosecution would be dropped. To this Complainant agreed, paid into Court the $200 and the prosecution was dropped as agreed. No objection was made by the Complainant in the General Sessions Court, and no appeal was made or attempted to be made to the Circuit Court under Chapter 55, of the Private Acts of 1943, which created a General Sessions Court for Lawrence County, on the ground that the assessment of the fine of $200 by the Judge and not a jury, was unconstitutional under Constitution Art. VI, Sec. 14. The proceeding in the General Sessions Court took place on September 25, 1946.

About two years later, on August 26, 1948, having employed a different attorney, the Complainant filed the original bill in the present cause. The Chancellor, after sustaining a demurrer to the original bill, permitted Complainant to amend, and thereafter sustained a demurrer to the bill as amended. In the final decree, the Chancellor specified no grounds for sustaining the demurrer to the bill an amended. However, in the decree sustaining the original demurrer, the Chancellor held: ". . . the court is of the opinion and accordingly holds that the demurrer is sufficient and should be sustained in that the court is without jurisdiction of the subject matter and without jurisdiction to grant relief sought by complainant's bill, and that the bill should be dismissed."

We think the same was a valid ground for sustaining the demurrer finally to the bill as amended.

454

■■ It is to be-borne in mind that the proceeding here is not to review or reverse the proceeding in the General Sessions Court, but to recover a judgment against the County in a separate and distinct proceeding in quasi contract. By failing to appeal to the Circuit Court, the Complainant lost his right to have the proceeding in the General Sessions Court reviewed. The allegation in the bill that Complainant was ignorant of the law respecting appeals furnishes no basis to avoid the maxim that in criminal proceedings, "ignorance of the law excuses no man." Gibson's Suits in Chy., 1937 ed., Sec. 74. Whatever may be said of the practice adopted in the General Sessions Court, the Complainant, willingly and under advice of counsel, entered into a settlement of the criminal prosecution for a misdemeanor. He voluntarily paid $200 to avoid the risk of indictment and trial in the Circuit Court, where, for the offense of which he was accused, he was liable to fine of $500 and imprisonment in the workhouse for 6 months, Code, Sec. 11252, since he was charged with possession of whisky for sale. If the settlement of the case in the General Sessions Court was illegal (we do not find it necessary to decide that it was, or was not), the Complainant was a willing party to the illegality, and so is not entitled to relief in equity since he has enjoyed the fruit of his wrongdoing; and if, on the other hand, the settlement was legal, it was final and binding on the Complainant.

■ Furthermore, the Defendant County would not be liable under the facts stated in the bill as amended, in the present case under the limited liability of counties defined and discussed in *McAndrews* v. *Hamilton County*, 105 Tenn. 399, 58 S. W. 483, and would not be liable under the rules of law stated and considered in an iden-

tical case from Missouri. The Missouri case is considered by both parties in their briefs, and is *Ferguson* v. *Butler County,* 297 Mo. 20, 247 A. L. R. 795, 26 A. L. R. 1519.

For the reason stated, the decree of the Chancellor is in all respects, affirmed.

All concur.