ARMITAGE et al. v. HOLT. NO. 1.—109 S. W. (2d), 411.

Eastern Section. July 3, 1937.

Petition for Certiorari denied by Supreme Court, October 2, 1937.

274

Conway Maupin and Frank M. Berry, both of Greeneville, for plaintiff in error Greene County.

Leon E. Easterly, of Greeneville, for defendant in error Mark Holt.

McAMIS, J.   On March 4, 1935, plaintiff below, Mark Holt, sustained an injury to his hand in the course of his employment as foreman at a rock quarry operated by Greene county under the direction of the Superintendent of Roads in connection with the construction and maintenance of county roads.  At the October term of the county court of Greene county, he appeared before the court, and one of the justices moved the court that he be awarded damages in the sum of $1,000.   No action was taken upon this motion, but the county judge appointed a committee composed of three justices to report upon the matter at the January, 1936, term of court.

After investigating the matter, the committee found that Mr. Holt was injured, as claimed, while working as foreman in a rock quarry operated by the county, and agreed to report favorably upon the claim to the next session of the county court upon the condition (to which Holt agreed) that the amount of his claim be reduced from $1,500 to $1,000.   Accordingly, at the January, 1936, term of court, upon a resolution offered by the committee, it was resolved that he be awarded the sum of $1,000 as damages, in accordance with the recommendation of the committee.   By reason of certain amendments to the declaration, which need not be noticed in this opinion, the status of this suit, at the termination of the hearing below, was purely an action to recover against Greene county the sum of $1,000, to which the plaintiff claims he is entitled by virtue of said resolution of the county court.   The parties agree that this is the ultimate and controlling question presented upon this appeal in error by the county from the action of the circuit judge in directing a verdict in favor of the plaintiff in the sum of $1,000 at the conclusion of all the evidence.

It is not insisted that plaintiff's injuries resulted from the commission of a public nuisance by the county, and the declaration and proof show that he was injured while employed by the county in connection with one of its governmental functions, but it is insisted that the county, by the resolution to which we have referred, rendered itself conclusively and unconditionally liable by agreeing to compromise plaintiff's claim for the sum of $1,000. We do not think this position may be sustained, though plausibly and earnestly presented.

In respect to any act committed by a county in the performance of a governmental function, it partakes of the immunity of the sovereign state, and is no more liable to be sued for the negligence of its officers than is the state for the negligence of state officers in the discharge of their public duties. Wood v. Tipton County, 7 Baxt., 112, 32 Am. Rep., 561.

" 'Counties owe their creation to the statutes, and the statutes confer on them all the powers which they possess, prescribe all the duties they owe, and impress all the liabilities to which they are subject.'' . . .

" 'It has been tersely said ''the limit of all powers of counties, except those necessarily implied, must be found within the four corners of the statutory provision made by the Legislature.'' 4 Am. and Eng. Enc. L., 389.' Burnett v. Maloney, 97 Tenn., 697, 37 S. W., 689, 34 L. R. A., 541.'' State ex rel. v. Lebanon & Nashville Turnpike Co., 151 Tenn., 150, 160, 268 S. W., 627, 630.

In Lee v. Davidson County, 158 Tenn., 313, 13 S. W. (2d), 328, it was held that, under the general rule of nonliability of a state agency, a county is not liable in damages for a tort committed by one of its agents while the county was engaged in the governmental function of repairing a highway. Many cases are cited by the author of the opinion, Mr. Justice Chambliss, in support of this rule.

In Rogers v. Butler, 170 Tenn., 125, 129, 92 S. W. (2d), 414, 415, it appears that a school child was injured while riding in a school bus operated by Hamilton county upon which it carried liability insurance, and it was held that judgment was improperly rendered against the county because the insurance carrier denied liability upon the ground that it had received no notice of the particular injury sued for. The court said:

"One reason supporting the general rule that a county cannot be held liable for the negligence of its agents and employees is that the county has no fund out of which satisfaction for damage thus inflicted can be had. McAndrews v. Hamilton County, 105 Tenn., 399, 58 S. W., 483. Under authority of the statutes quoted, the county has supplied a fund or insurance policy to compensate school children riding on its busses for injuries inflicted by the negligence of those operating such busses. There is, however, no other county fund, and

no other authority to provide a fund, to take care of claims of this sort.''

The present case, we think, is not to be taken out of the general rule upon the theory that the county is concluded by a compromise agreement, evidenced by the resolution upon which this suit is based. From the standpoint of the county, there could be no compromise of its liability. It is not suggested that the factual basis of the claim is such as to lay any ground for the maintenance of a suit against the county for damages upon the theory that plaintiff's injuries resulted from the commission of a public nuisance by the county, or leave any room for controversy as to whether the injuries resulted from the negligence of the agents or officers of the county, or as the result of the commission of nuisance for which the county would be liable in damages. True, plaintiff agreed with the committee to reduce his claim from $1,500 to $1,000, but, in doing so, he gave up nothing for the reason that his claim, in its entirety, was unenforceable.

But if the resolution be treated as a compromise agreement, plaintiff's suit must still fail for the reason that the county is without any statutory authority to enter into such a contract, and no funds are provided from which he claim may be paid. The action of the county court, in attempting to do so, was ultra vires and void. State ex rel. v. Lebanon & Nashville Turnpike Co., supra.

The compromise of a claim which is legally void and not chargeable to the county is not binding upon the county. Mobile County v. Williams, 180 Ala., 639, 61 So., 963; Quayle v. Bayfield County, 114 Wis., 108, 89 N. W., 892; Endion Imp. Co. v. Evening Telegram Co., 104 Wis., 432, 80 N. W., 732.

''It is a general rule that if the claim presented be one which, assuming the facts alleged therein to be true, may constitute a proper demand against the county, the board has power, in effect, to determine whether or not the facts in support of such claim exist, and, if they do, to determine the amount which ought to be paid to the claimant, but, on the other hand, if the claim presented does not in law constitute a charge against the county, no action on the part of its board can render the county liable thereon.'' 7 R. C. L., 960, section 34.

We think the foregoing authorities are conclusive of the question presented, and that the learned circuit judge was in error in striking from the record the plea of the county setting up the ultra vires nature of the resolution, and in directing a verdict in favor of the plaintiff. We think he should have directed a verdict in favor of defendant, which is now done, and the suit dismissed, with costs.