Pee CüRiam.
 

 William Trigg and Abraham Trigg had recovered a judgment in the County Court of Sumner, against William and John Bayee, by attachment. William Bayee removed the cause by
 
 certiorari
 
 to the Circuit Court. John Payton, senior, and Richard Bayee, were his sureties on the bond for the certiorari, which was afterwards dismissed by the court. This is an action of debt, commenced against both the sureties in the
 
 certiorari
 
 bond. The writ issued the 6th of April, 1816, and was executed on both, and a declaration in the usual form was filed against Payton alone. Both the defendants appeared and craved oyer of the writ, declaration, and bond, and also of the condition; and for plea, say, that notwithstanding the
 
 certiorari
 
 mentioned in the condition was dismissed at April term, 1815, of the court, for want of sufficient matter set forth to maintain the same, yet before suing out the original writ in this cause, to wit, on the 25th of November, 1815, another
 
 certiorari
 
 and
 
 supersedeas
 
 issued to stay all further proceedings in the same cause. Which last mentioned writ of
 
 su-persedeas
 
 * remained in said court undetermined, on the day on which the original writ in this cause issued. All which they are ready to verify. Wherefore they pray judgment, whether the original writ ought to abate. On the argument day, the counsel for the plaintiff moved the court to disallow the plea and enter judgment, which motion was sustained by the court.
 

 At the next term, the defendant, John Payton, having failed to file a plea to the merits, judgment was entered against him for $1,000, the penalty of the bond, of which the plaintiff released $621.79.
 

 The defendant filed reasons in arrest of judgment: —
 

 First, that the writ issued against Richard Bayee and John Pay-ton, and was served in both, and the declaration is against John Payton only. Secondly, because there is a variance between the writ and declaration. The reasons in arrest of judgment were overruled, and the cause was removed to this court by writ of error.
 

 Now it is true that a motion to arrest judgment comes too late
 
 *471
 
 after judgment; and dropping any part of the demand, or some of the persons mentioned in any previous part of the proceedings, is a discontinuance ; yet that is aided by the statute 32 Henry VIII. ch. 30, and 4 & 5 Anne, ch. 16, both as to judgments entered upon verdicts and .those entered upon general demurrer, confession,
 
 non
 
 dicit,
 
 non sum
 
 informatus, and writ of inquiry.
 

 As to the plea in abatement by the two defendants served with process after a declaration against one only, the plaintiff was not bound to contest with the one not declared against; and, of course, not bound to receive a plea in which that one was a party; since the facts stated in that plea, if received, must either be admitted or denied by the plaintiff, and that would reintroduce the dismissed defendant. * The court were right, therefore, in rejecting that plea. The defendant retained in court and declared against by the plaintiff, could only take advantage of dropping the other, that being to his prejudice, both as to the defense which now he is called upon to make without the assistance of his companion, and also as to the recovery, which, if effected, he will now have to bear alone. The defendant declared against, however, did not attempt to complain of this omission; and the case is no .more than this : that two are sued and served with process, one only declared against, and judgment against him by default. Here, indeed, is a discontinuance, but not fatal, as it would have been on special demurrer for the variance. The discontinuance is now helped, and we must proceed as if the party against whom judgment was rendered had been originally proceeded against alone. Str. 473; 5 C. D. “ Pleader,” E 1, F 4, Q 3, W 2. The law will not, after judgment, help him by reversing the same for error, in this respect, who would not help himself in time by a special demurrer for the variance. It is enough that the opportunity has been offered to save himself from the inconvenience of being proceeded against alone, and hath not been used.
 

 Affirm the judgment of the Circuit Court.
 

 See King’s Digest, 555, 9208, 9284, 9514.