## M. MAHALOVITCH *v.* H. VAUGHN *et al.*

ERROR CORAM NOBIS. *Action of clerk will not protect. Negligence.* The attorney applied to the Clerk of the Court for information concerning the call of his case. The Clerk replied that the papers had been brought into Court so late, that he would not put the case upon the Trial Docket that term. Thereupon the attorney left the State on business. The case was put upon the docket, and judgment taken, in absence of the attorney. These facts were stated in the petition for the writ of error *coram nobis.*

*Held,* This was great negligence, in not having the case put upon the docket, and in not prosecuting the appeal more diligently, instead of relying on the statement of the Clerk, that it would not be tried at that term. For this, and the further reason that the petition does not show any error of fact, as would have prevented the judgment had it appeared on the trial, the Circuit Judge erred in refusing to dismiss the petition.

Cases cited: 4 Sneed, 432-5; 1 Heisk., 472; 1 Swan, 345-6; 4 Cold., 364-7; Code, § 3,116.

FROM DAVIDSON.

Appeal from the Court of Common Law. J. C. GUILD, Judge.

JOHN D. BRIEN for Mahalovitch.

S. W. CHILDRESS for Vaughn *et al.*

DEADERICK, Judge, delivered the opinion of the Court.

Mahalovitch recovered a judgment against the defendants in December, 1869, before a Justice of the Peace of Davidson County, for the sum of $167.00 and costs of suit. The defendants prayed an appeal to the Circuit Court, which was granted, and bond given. At the following term of said Court, in January, 1870, the plaintiff appeared and had said judgment affirmed against the defendants, under Section 3,144 of the Code. At the next term of the Court the defendants filed a petition for a writ of error *coram nobis*, asking that the judgment by default be superceded, and the case reinstated on the docket, in order that it might be tried on the merits. The plaintiff thereupon moved to dismiss the writ of error *coram nobis*, which motion was overruled, and the case reinstated on the docket.

The cause was afterwards, by consent of the parties, transferred to the Law Court of Nashville, and a trial had before a jury, which resulted in a verdict for the defendants. The plaintiff moved for a new trial, which was overruled. The case is before us by writ of error, and consequently the whole proceedings are open to investigation.

The principal ground upon which the plaintiff asks a reversal is, that the Circuit Judge erred in refusing to dismiss the writ of error *coram nobis*. In order to determine this point, it is necessary to examine the petition, to see whether or not it shows errors of

fact sufficient to sustain the action of the Circuit Judge, in overruling the motion of the plaintiff to dismiss the writ.

The petition admits that the plaintiff recovered a judgment against the defendants before a Justice of the Peace, and that an appeal was prayed and granted to the Circuit Court. It also shows that the defendants had employed Mr. Childress (an attorney) to prosecute the suit for them; it further shows that B. Vaughn, one of the defendants, and their attorney, went and searched for the papers in the Court, and that he learned from the Clerk of the Court that the papers were in Court, but they had been sent in so late in the term that he would not put the case on the docket that term of the Court, and upon this information, the attorney told them that it was not necessary to pay any more attention to the matter for the present. And the attorney himself went to Arkansas, leaving no one to represent him in the case. The petition also states that afterwards the Clerk, or some one of his deputies, placed said case on the docket, and the judgment was affirmed, without the knowledge of themselves or their attorney.

To sustain a petition for a writ of error *coram nobis*, it is necessary for the defendants to show error of fact occurring in the proceedings, of which they had no notice, or which they were prevented by disability from showing or correcting, or in which they were prevented from making defence by surprise, accident, mistake, or fraud, *without fault on their part.*

Code, § 3,116, and note citing authorities. The defendants must also . show that it was owing to no negligence *on their part* that the error was committed. · 4 Sneed, 435; 1 Heisk., 472. The error in fact complained of must be such as would have prevented the rendition of the judgment if it had judicially appeared at the trial. 1 Swan, 345–6; 4 Sneed, 432, 435; 4 Cold., 364, 367. Does the petition contain any of the errors of fact required by Section 3,116 of the Code, such as want of notice, disability from showing or correcting the errors, or being prevented by surprise, accident, mistake, or fraud, *without fault on their part,* from making defence?

The only error of facts relied on in the petition is, that the case was put on the docket and affirmed without the knowledge of the defendants or their attorney, and therefore that they had no notice of the proceedings, and were taken by surprise. To maintain this error of fact, it was necessary for the defendants to show that the alleged error occurred *without any fault or negligence on their part.* This they have failed to do, but, on the contrary, the petition shows that the defendants knew that the papers had been returned to Court, and that they relied on the statement of the Clerk as to the case being placed on the docket. We are of the opinion that they were guilty of great negligence in not having the case put on the docket, and in not prosecuting their appeal more diligently, instead of relying on the statement of the Clerk that it would not be

tried at that term.    For this negligence and fault on the part of the defendants, and for the further reason that the petition does not show any such error of facts as would have prevented a rendition of the judgment had it appeared on the trial.    We think the Circuit Judge erred in refusing to dismiss the petition, and, therefore, reverse the judgment, and give judgment in this Court against the defendants and their sureties in the *certiorari* bond for the amount of the judgment by default, with interest.