Scott *v.* Knox County *et al.* (two cases).

(*Knoxville,* September Term, 1933.)

Opinion filed Nov. 18, 1933.

WHITE & LEONARD and JENNINGS & O'NEIL, for Floyd Scott, administrator.

J. G. JOHNSON, for Knox county.

MR. JUSTICE COOK delivered the opinion of the Court.

The first above-styled case was commenced by a summons issued from the circuit court against Knox county and E. D. Jeffries, individually. The second by summons issued against Knox county and E. D. Jeffries, Cowan Rodgers, Howell J. Davis, Peter Blow, Sam Clapp, and G. W. Prater, individually.

In the first case plaintiff sued as administrator of Loring Scott, and in the second Fred Scott sued on his own behalf for personal injuries. Declarations were subsequently filed in both cases. In the declaration filed by Floyd Scott, administrator, he sued Knox county, a public political corporation, and E. D. Jeffries, superintendent of public roads of Knox county. In the case of Fred Scott he sued Knox county, E. D. Jeffries, superintendent of public roads, and Cowan Rodgers and others as commissioners of roads for Knox county.

The statement of facts upon which the cause is rested is the same in both cases. It was charged that for two

or three years Knox county and its road commissioners and superintendent of roads, singly and together, personally and by their agents, permitted and maintained a public nuisance in the public highway between the pike from Ebenezer north to the Dixie Highway, at the crossing of Sinking creek where the bridge was removed, leaving an unprotected space, say twelve feet wide and eight feet deep.

It was charged that the conduct of the defendants constituted a nuisance, consisting, as alleged in the declarations, of maintaining and failing to abate by proper safeguards for the protection of the public the dangerous condition caused by the removal of the bridge. It was charged that this condition was permitted to continue unabated by defendants two or three years and after citizens of the county urged that it be done or that defendants permit adjoining property owners to do it.

It was charged that, as result of defendants' acts, plaintiff Fred Scott, in an automobile driven by Loring Scott, ran into the space left by the removal of the bridge, and Loring Scott was killed and Fred Scott injured.

The trial judge sustained the demurrer of Knox county and the pleas in abatement of the other defendants. Plaintiffs appealed and assigned errors.

Knox county cannot be subjected to liability for either acts of omission or commission in the construction or maintenance of public highways and bridges, because the county acts as a political entity to facilitate the execution of powers delegated by the State and in that capacity cannot be sued for negligence. *Vance v. Shelby County*, 152 Tenn., 141, 273 S. W., 557; *Lee v. Davidson County*, 158 Tenn., 313, 13 S. W. (2d), 328; *Garothers v. Shelby County*, 148 Tenn., 185, 253 S. W.,

708; *Fryar* v. *Hamilton County*, 160 Tenn., 216, 22 S. W. (2d) 353.

The omission of the county to reconstruct the bridge was an act exercised under powers delegated by the State and not a corporate act apart from the construction, maintenance, and control of highways.

 The statements of the declarations do not bring the cases within the rule applied in *Chandler* v. *Davidson County*, 142 Tenn., 265, 218 S. W., 222. That case rests upon and must be confined to its peculiar facts and strained construction cannot extend its meaning. See *Carothers* v. *Shelby County, supra.* These cases cannot be drawn within the purview of the *Chandler case* by mere allegations that acts, which are in fact acts of omission or commission, amount to a nuisance.

The judgment of the trial judge sustaining the demurrer of Knox county in both cases is affirmed.

 In the case of Scott, administrator, against Knox County and others, E. D. Jeffries was sued in the summons as an individual, as are Jeffries and others in the summons issued in the case of Fred Scott against Knox county and others. The individual defendants are then charged in the declaration with liability as superintendent of public roads of Knox county and as road commissioners of Knox county.

The words added in the declaration after the names of the individual defendants cannot be held merely descriptive of the persons as in *Whiteside* v. *Button,* 2 Cold., 94 (see 47 C. J., 177), because the declaration shows that the plaintiff sues the superintendent of roads and the road commissioners in their official capacity.

It is the rule that declarations should charge the same parties as the writ, and the character or capacity in which

the parties are sued must be the same in the writ and in the declaration. 49 C. J., 171; 1 Ency. Pl. & Pr., 20. The variance between the writs and the declarations was ground for abatement. 31 Cyc., 177. See *Carter* v. *Redmond,* 142 Tenn., 258, 218 S. W., 217; *Pollard* v. *Huston,* 7 Lea, 691.

Affirmed.