MASSEY *v.* HOLMES.

(*Nashville,* December Term, 1949.)

Opinion filed February 10, 1950.

SAM F. COLE and J. E. MADDEN, of Memphis, for plaintiff in error.

ACKLEN, CRAWLEY & YAFFE, of Memphis, for defendant in error.

678

Mr. Justice Burnett delivered the opinion of the Court.

The plaintiff in error filed suit, accompanied by a declaration, in the Circuit Court of Shelby County on January 26, 1949, against the defendant in error. Simultaneously with said summons an attachment by garnishment was issued against Carl Stokes, clerk of the criminal court of Shelby County, Tennessee, seeking to levy upon a cash bond of $1,000 posted with said clerk for the release of J. A. Holmes from the county jail.

Subsequent thereto, to wit, on February 7, 1949, the sheriff made a return showing that search had been made for J. A. Holmes and he was not to be found in Shelby County. The clerk of the criminal court answered this suit and set forth the fact that he had this fund in his hands as bail for J. A. Holmes.

On February 11, 1949, Jack Little and George A. Holmes were allowed to intervene in the cause and set up the fact that this $1,000 was deposited by them for the release of their relative, J. A. Holmes, on an assault warrant. These interveners plead in abatement to the suit and alleged that the funds were not subject to attachment because they were in *custodia legis*. The plaintiff

in error on February 25, 1949, filed his motion to strike said plea in abatement because it "is bad for duplicity, in that it tenders an issue of law for the court to decide and an issue of fact for the jury to decide, and therefore it is bad for duplicity."

April 29, 1949, the trial judge sustained the plea in abatement of the interveners and held that the funds attempted to be attached were in *custodia legis* "and not subject to attachment while so held as a matter of law." From this holding the plaintiff perfected an appeal to this Court. The effect of the holding was to dismiss the suit, there being no service of process on the defendant. The only way he was in court was by reason of the attachment which was held void.

In the first volume of our Reports it was held that: "Money levied on by a sheriff by virtue of an execution, and held by him for its satisfaction, cannot be attached in his hands by garnishment." *Pawley* v. *Gains*, 1 Tenn. 208.

At a later date Chancellor Cooper in *Pennebaker* v. *Tomlinson*, 1 Tenn. Ch. 111, 117, said: "It is even better settled that a public officer, who has money or funds in his hands to satisfy a demand which a person has upon him as a public officer, cannot be adjudged a garnishee; or, as it has been put more broadly by the Supreme Court of Massachusetts, that no person deriving his authority from the law, and obliged to execute it according to the rules of law, can be charged as garnishee (and, *a fortiori,* by direct attachment), in respect of any money or property held by him in virtue of that authority. Thus sheriffs, clerks of court, trustees of insolvents, and assignees in bankrupty, disbursing officers, etc., are exempt from attachment or garnishment. Drake on Att., 477, et seq."

█ The authors of American Jurisprudence state the rule and the reasons therefore as follows:

"The general rule is that while property or money is in *custodia legis,* the officer holding it is the mere hand of the court; his possession is the possession of the court, and to interfere therewith is to invade the jurisdiction of the court itself, an officer so situated being bound solely by the orders and judgments of the court whose mere agent he is, and having no right to make any disposition of such money or property without the consent of his own court, express or implied. Hence, in the absence of express statutory authority therefor, it is settled law that, in general, property or funds in *custodia legis* are not subject either to attachment or to execution." 4 American Jurisprudence, page 795, Section 386.

Immediately following this quotation cases from almost every jurisdiction in the country are cited as authority for the statement, including many annotations from A.L.R. and L.R.A. Among the cases cited is our case of *Hill* v. *Hatch,* 99 Tenn. 39, 41 S. W. 349, 63 Am. St. Rep. 822.

█ It thus appears that no factual question was presented by the pleadings herein. It clearly appears from the pleadings that the funds sought to be attached were in the custody of the clerk of the criminal court of Shelby County. Under the well settled authorities such funds are not subject to garnishment by attachment. The court in determining this question does not or has not passed on a factual situation. The assignments of error, therefore, must be overruled and the judgment of the lower court affirmed. The costs of the cause will be taxed against the plaintiff in error.

All concur.