U. S. F. & G. COMPANY

*v.*

GEORGE B. REESE.

(*Nashville,* December Term, 1956.)

Opinion filed April 1, 1957.

Rehearing Denied May 3, 1957.

STOKES & TRIMBLE, Nashville, for complainant.

BAILEY, EWING & POWELL and C. F. FRAZIER, Nashville, for defendant.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

George B. Reese filed a petition for a writ of error *coram nobis* by which he seeks to set aside a judgment rendered against him in the amount of $273,656.61 in favor of U. S. F. & G. Company and the costs of the cause. The essence of his complaint is that a final decree on a *pro confesso* was entered against him without notice that the same would be entered and that there existed an error of fact in that, because of said lack of

notice, he failed to move to set aside said *pro confesso* judgment and to plead his discharge in bankruptcy to said pending action.

On motion of the respondent to said petition the Chancellor dismissed the petition and Reese has appealed and assigned error.

Some question is raised as to the sufficiency of the two assignments of error but we prefer to dispose of the case on the merits.

The substance of the petition is the following: The original bill was filed on the 26th day of May, 1954; process was issued and served on Reese on June 9, 1954. On July 21, 1954, Reese filed a petition in bankruptcy in which the complainant was listed as a creditor for the amount of said claim and counsel for complainant appeared in its behalf in said proceeding. On August 2, 1954, a *pro confesso* was entered in the Chancery Court on said original bill. On February 1, 1955, a discharge in bankruptcy was granted to Reese. On the 25th day of January, 1956, a final decree on said *pro confesso* in the Chancery Court was taken by the complainant Company against Reese in the Chancery Court.

No plea of bankruptcy was filed by or in behalf of Reese in the Chancery Court as a defense to the original bill.

The petition herein states that the attorney for the complainant discussed the question of a compromise settlement of the pending suit with Mr. Frazier, counsel for Reese, who stated that Reese was not in financial position to contest the claim as made, that he was without means to take proof and that it was necessary for him to submit

to bankruptcy. That there were no further conversations between counsel for complainant and Mr. Frazier after the filing of the petition in bankruptcy and that, although Mr. Frazier saw said counsel appearing in the bankruptcy court, he was not given any notice of the intention to apply to the Chancery Court for a final decree on the *pro confesso*. That the first knowledge Reese or his attorney knew of said final decree and the execution issued thereon was August 10, 1956. That said final decree and execution are unlawful, inequitable and, therefore, void and that he has good and valid defense consisting of bankruptcy.

The motion to dismiss contains, among other things, the ground that the petition fails to allege sufficient reason for not making a defense on the trial of said cause.

Counsel for petitioner recognizes the necessity for filing a plea of bankruptcy in a situation of this kind and there is no need to give any extended discussion to the question. It is fully covered in 6 Am. Jur., 1024, sec. 805, and page 985, sec. 750, and in *Jackson Bros. v. Harpeth Nat. Bank,* 12 Tenn. App. 464, 471.

Writs of error *coram nobis* are provided for in T.C.A. sec. 27-701 et seq., and the subject is fully discussed in Gibson's Suits in Chy., 4th ed., sec. 1254 et seq. Under section 1255 thereof, the three requirements are (1) Want of notice of the suit in which the decree complained of was rendered coupled with a good defense on the merits; (2) Some disability not appearing of record, such as infancy or insanity; (3) Some surprise, accident, mistake or fraud which prevented the complaining party from making defense, when he himself was without fault.

■ ■ It does not seem that petitioner has met these requirements. He admits that he had notice of the suit by service of process. This was sufficient to bring him into Court and to charge him with every subsequent step taken in the course thereafter as described so well in *Mitchell v. Porter,* 26 Tenn. App. 498, 173 S.W.2d 443, and he is bound, nevertheless, in spite of any want of diligence on the part of his attorney, as held in *Thomas v. Dockery,* 33 Tenn. App. 695, 232 S.W.2d 594; *Mahalovitch v. Vaughn,* 60 Tenn. 325, 328; *Dinsmore v. Boyd,* 74 Tenn. 689, 697.

■ After service of process on the original bill and failure of respondent to plead or answer, no further notice of intention to take a *pro confesso* and a final decree on same is necessary. Gibson's Suits in Chy., 4th ed., sec. 205 et seq.

The petition does not allege that any promise to forbear from doing so was made by the complainant or its attorney, nor of any other fact for which the complainant or its attorney would be responsible that in any way misled the petitioner or his attorney.

We are, therefore, of opinion that the Chancellor correctly dismissed the petition and his decree is affirmed.