MRS. MANILLA WOOD MARTIN et al., Complainants,

*v.*

SPURGEON WOOD et al., Defendants.

370 S. W. 2d 478.

(*Nashville,* December Term, 1962.)

Opinion filed April 3, 1963.

Petition for Rehearing Denied September 11, 1963.

Looby & Williams, Nashville, for complainants.

Haston & Haston, W. M. Davis, McMinnville, Charles D. Haston, McMinnville, for defendants.

Mr. Justice Felts delivered the opinion of the Court.

The bill herein was filed by complainants against their brother Spurgen Wood, individually and as administrator of the estate of their father, George R. Wood, deceased; Frank Hennessee, Clerk and Master of the Chancery Court; and Ora Hillis, Clerk of the Circuit Court, to set aside an attachment of funds of complainants in the hands of the Clerk and Master, and a judg-

ment of the Circuit Court, and to enjoin payment of the funds thereon.

Defendants demurred to the bill, and the Chancellor sustained the demurrers, dissolved the injunction theretofore granted, and dismissed the bill. Complainants appealed to this Court and have assigned the Chancellor's action as error. The facts alleged by the bill were as follows:

Complainants, Mrs. Manilla Wood Martin and Malcolm Wood, and defendant Spurgen Wood were the children and sole heirs and next of kin of their father, George R. Wood, who died in Cleveland, Ohio, owning two tracts of land in Warren County, Tennessee. He left a paperwriting which was probated as his will in that county, but was later set aside as not his will; and the County Court of that county appointed defendant Spurgen Wood administrator of his estate, and the administration is still pending.

Spurgen Wood filed a bill in the Chancery Court of that county alleging this land could not be partitioned in kind, and seeking a sale of it for partition. That suit proceeded to final decree, the land was sold, the proceeds were paid to the Clerk and Master, and after deducting the costs, etc., there was left in his hands the sum of $7,605.70 belonging to Manilla Wood Martin, and $7,398.21, belonging to Malcolm Wood as their respective net shares of the proceeds of the sale.

On June 7, 1960, Spurgen Wood, administrator, brought in the Circuit Court of that county an action against Manilla Wood Martin and Malcolm Wood, being a summons commanding them "* * * to answer Spurgen Wood, administrator of the estate of George R. Wood,

in action of debt.'' The summons was personally served upon Malcolm Wood in Warren County, as shown by the sheriff's return made June 8, 1960.

The summons was returned ''not to be found'' as to Manilla Wood Martin, and, upon a fiat of the County Judge, an attachment issued, and garnishment was served upon the Clerk and Master, and written notice was left with him requiring him to appear and answer, and to hold the funds subject to the orders of the Circuit Court; and publication was made for Manilla Wood Martin as a non-resident.

On January 17, 1961, Spurgen Wood, administrator, filed in that action a declaration in which he sued Malcolm Wood, ''a resident of Warren County, Tennessee,'' and Manilla Wood Martin, ''a non-resident of Tennessee and a resident of the State of Ohio,'' charging that their father had left a purported will naming Malcolm Wood and Manilla Wood Martin as co-executors; that Malcolm had qualified but she had not; and that this purported will was later set aside on an issue of devisavit vel non.

This declaration further charged that George R. Wood, at the time of his death, had $20,000.00 in U. S. Government bonds, and $10,000.00 in cash, which had come into the hands of defendants Malcolm Wood and Manilla Wood Martin; and she, shortly before the father's death, had drawn $5,000.00 from his account for ''professional services''; and that defendants never accounted for any of said bonds or money, and were ''in a conspiracy to defraud the estate,'' and were justly indebted to Spurgen Wood, administrator, in the sum of $35,000.00.

Neither Malcolm Wood nor Manilla Wood Martin filed any plea or made any defense to this declaration, and on

January 23, 1961, upon plaintiffs' motion, judgment was taken against them by default. The judgment recited these facts, and that the jury hearing the case rendered a verdict for plaintiff against defendants for $35,000.00. Upon the verdict, the Circuit Judge entered judgment, awarded execution and ordered the Clerk and Master of the Chancery Court to pay the attached funds to the Clerk of the Circuit Court.

Pursuant to that judgment, Frank Hennessee, Clerk and Master, paid the funds to Mrs. Ora Hillis, Circuit Court Clerk, who was holding them on April 4, 1961, when complainants filed the present bill in the Chancery Court asking equitable relief as aforesaid against the judgment at law.

The Chancery Court is not a court of review to correct errors committed by other courts in the exercise of their jurisdiction, and it may not enjoin a judgment merely because it is erroneous; but it will enjoin a judgment which is void, or one which is voidable for certain reasons recognized as grounds of equitable relief. *New York Casualty Co. v. Lawson,* 160 Tenn. 329, 336, 24 S.W. 2d 881; *Brown v. Brown,* 198 Tenn. 600, 609, 281 S.W.2d 492; 2 Gibson's Suits in Chancery (5th ed.), sec. 860(2), p. 62.

Complainants-appellants insist that this judgment is void because (1) the attempted attachment of their funds was void because they were *in custodia legis;* (2) neither of complainants were given any notice of the filing of the declaration or furnished a copy of it; (3) there was a fatal variance between the summons and the declaration, since the former was an action *ex contractu* for "debt," and the latter in *tort* for conspiracy; and (4)

since there was no personal service on Manilla Wood Martin, a non-resident, she could not be brought before the court by publication on the void attachment.

■ It is true the funds in the hands of the Clerk and Master, subject to the orders of the Chancery Court for distribution to appellants in the partition suit, were *in custodia legis,* and not subject to execution or attachment at law, and could not be reached by legal process of garnishment. So, the attempted attachment of the funds by garnishment was void. *Massey v. Holmes,* 189 Tenn. 677, 227 S.W.2d 25; *Scott County Nat. Bank v. Robinson,* 143 Tenn. 356, 362, 226 S.W. 218. *Cannon Mills, Inc. v. Spivey,* 208 Tenn. 419, 429-430, 346 S.W.2d 266.

■ But this does not affect the judgment against Malcolm Wood. He was brought before the court by personal service of process upon him in the county, as shown by the sheriff's return, which the bill does not seek to impeach. Inasmuch as the Circuit Court had jurisdiction of his person and of the subject matter, the default judgment against him was valid, without regard to the attachment; and the bill, as to him, does not aver any ground for relief against the judgment.

■ Nor is the judgment affected by the alleged failure to give notice of the filing of the declaration or to furnish a copy of it. By our statutes, plaintiff was required to file his declaration within the first three days of the appearance term (T.C.A. sec. 20-802), and defendant Malcolm Wood was bound to plead within the next two days, "otherwise the plaintiff may have judgment by default" (T.C.A. sec. 20-901). T.C.A. sec. 25-108; Gilreath's Caruther's History of a Lawsuit (7th ed.), secs. 102, 158.

It is true our statute (Acts 1955, ch. 68, now T.C.A. secs. 20-714, 20-715) provides that counsel, upon filing any pleading or motion, is to furnish a copy of it to "adversary counsel of record, if there be such counsel of record;" and that fact is to be noted on the original; and if this is not done, the clerk of the court shall furnish a copy to adversary counsel and tax the costs thereof against the party represented by offending counsel.

Thus, it is seen that this statute, by its terms, applies only to a case where there is "an adversary counsel of record," and not to a case like this where a defendant, personally served with process, fails to appear or plead, and where there is no adversary counsel of record. This statute does not purport to repeal or change our statutes (T.C.A. secs. 20-802, 20-901) fixing the time for pleading, and providing plaintiff may take default judgment against defendant where he fails to plead within the time required.

There is no merit in the objection that there was a variance between the summons and the declaration. Such an objection may be ground for a plea in abatement (*Scott v. Knox County,* 166 Tenn. 585, 588-589, 64 S.W.2d 185); but it comes too late when made for the first time after judgment. *Carter v. Redmond,* 142 Tenn. 258, 262, 218 S.W. 217; *Payton v. Trigg,* 5 Tenn. 250, 252; *Shelby County v. Bickford,* 102 Tenn. 395, 403-404, 52 S.W. 772; see our statutes of jeofails. T.C.A. secs. 20-1501 to 20-1510.

So, while the Circuit Court judgment was valid as against Malcolm Wood, who was duly before the court by personal service of process upon him, it was void as to Manilla Wood Martin because there had been no per-

sonal service upon her, and that court had no jurisdiction of her person.

It is true our statute (T.C.A. sec. 23-647) empowers the courts to proceed against a non-resident by attachment and levy upon his property within the state and by publication in lieu of personal service. But such a proceeding merely binds the property, and does not give the court jurisdiction of the person of the non-resident, or authorize it to enter a personal judgment against him. *Paper Co. v. Shyer,* 108 Tenn. 444, 67 S.W. 856, 58 L.R.A. 173; *Lawson v. American Laundry Machinery Co.,* 165 Tenn. 180, 185, 54 S.W.2d 712.

As said above, the funds attempted to be attached in the Circuit Court action were in the hands of the Clerk and Master of the Chancery Court, subject to the orders of that court for distribution, and were thus *in custodia legis,* and were not subject to execution or attachment at law. Therefore, the attempted attachment was void, and did not authorize the Circuit Court to proceed against Manilla Wood Martin by publication and did not give that court jurisdiction of her person.

But she filed this bill in the Chancery Court and thus, though a non-resident, submitted herself to its jurisdiction; and inasmuch as she is seeking equity, that court may require her to do equity, and to enable it to determine the whole controversy, that court may make an order allowing defendant Spurgen Wood to file a cross-bill against her and allowing a copy of it with process to be served upon her solicitors of record. *Essenkay Co. v. Essenkay Sales Co.,* 132 Tenn. 287, 177 S.W. 1157; *Lawson v. Laundry Machinery Co.,* supra.

For these reasons, we think the Circuit Court judgment was valid as to Malcolm Wood, and the demurrers were properly sustained as to so much of the bill as attacked the judgment as to him; and that the judgment as to Manilla Wood Martin was void, and the demurrer should not have been sustained to the part of the bill attacking the judgment as to her, but should have been overruled with leave to Spurgen Wood to answer.

The Chancellor's decree will be modified as above indicated and, as modified, will be affirmed and the cause will be remanded to the Chancery Court for further proceedings not inconsistent with this opinion. The costs of the appeal will be divided, one-half will be paid by defendant Spurgen Wood, and the other half by appellant Malcolm Wood and the sureties on his appeal bond, the costs below to abide the outcome.

### On Petition to Rehear

One of the grounds of complainant Malcolm Wood's attack upon the judgment against him was that there was a variance between the summons and the declaration. In our original opinion, we held that while this matter was ground for a plea in abatement, it came too late when made for the first time after judgment, did not go to the jurisdiction of the Court of the subject matter or of his person, and was not available to him as a ground of collateral attack upon such judgment.

He has filed a petition for a rehearing upon this holding. He insists that this Court overlooked the fact that though personally served with the summons within the county, he did not appear or plead, had no actual notice of the variance, and judgment went against him by

default; and that since he had no such notice, he is not bound by the judgment.

■ The petition is obviously without merit. Upon being personally served with the summons, and properly brought before the court, petitioner was given actual notice of the suit and was charged with notice of all the subsequent steps taken in the case down to and including the final judgment, although he did not in fact appear and had no actual notice of such steps. *Mitchell v. Porter,* 26 Tenn.App. 498, 522, 173 S.W.2d 443; *United States F. & G. Co. v. Reese,* 201 Tenn. 702, 706, 301 S.W.2d 535.

The petition is denied at petitioner's cost.