COMMERCE UNION BANK, Complainant-
Appellee,

v.

INQUIPCO, INC., d/b/a Industrial Equip-
ment Company and Alton R. Davis, d/b/a
Davis Cement Company, Defendant-Appel-
lant.

Court of Appeals of Tennessee.
Middle Section.

July 27, 1973.

Rehearing Denied Oct. 26, 1973.

Certiorari Denied by Supreme Court
Feb. 19, 1974.

Petition for Writ of Certiorari Denied by
Supreme Court of United States
Oct. 21, 1974.

———◆———

Wilson N. West, Nashville, Sol., for
complainant-appellee.

Joel H. Moseley, Larry L. Roberts, Stel-
temeier & Westbrook, Robert P. Thomas,
Boult, Cummings, Conners & Berry, Nash-
ville, Sol., for defendant-appellant.

OPINION

SHRIVER, Judge.

This is an appeal from a decree of the
Chancery Court, Part II, at Nashville,
wherein the Petition of Inquipco, Inc. for
a Writ of Error Coram Nobis was dis-
missed.

The cause originated when Commerce
Union Bank filed its original bill of com-
plaint on June 12, 1970 against Inquipco,
Inc., d/b/a Industrial Equipment Company
and Alton R. Davis, d/b/a Davis Cement
Company, seeking a decree for a balance
of $8,455.30, plus interest and attorney's
fee, on a contract of Davis Cement Com-
pany, with Inquipco, Inc., for the purchase
of industrial equipment, which contract
was assigned to the complainant, Com-
merce Union Bank.

Subpoena to answer was issued as to the
defendants on June 12, 1970 and was duly
served on Davis, who filed an answer
thereto, and on Jim Williams, President of
Inquipco, Inc. on June 17, 1970, citing de-
fendants to appear in Chancery Court on
July 13, 1970, at which time Mr. Williams,
who is not an attorney, appeared at the
Clerk's Office of the Chancery Court and
inquired of someone behind the counter at
the Clerk's Office concerning the case and
upon learning that it was not to be heard
that day, he departed and took no further
steps concerning same until an execution
by garnishment was served on his Bank,
impounding funds therein for the satisfac-
tion of the judgment which had been ob-
tained.

Alton R. Davis, d/b/a etc., filed an an-
swer to the bill of Commerce Union Bank
admitting the execution of the contract in
question made for the purchase of a trailer
and certain construction equipment and as-
serting that certain payments had been

made on said contract and denying liability thereunder.

Subsequently, the suit was dismissed as to Davis, and on November 6th, 1970 the Commerce Union Bank moved for a pro confesso against defendant, Inquipco, Inc., which motion was granted and pro confesso duly entered.

Thereafter, on October 14th, 1971, the following decree was entered:

## "JUDGMENT DECREE"

This cause came on to be heard this 5th day of October, 1971, before the Honorable Frank F. Drowota, III, Chancellor, holding Part II of the Chancery Court for Nashville and Davidson County, Tennessee, on the original bill, the answer of defendant, Alton R. Davis, the pro confesso taken against the defendant, Inquipco, Inc., and the entire record in this cause. The complainant requested the Court to be permitted to non-suit as to defendant, Alton R. Davis, which was allowed by the Court.

The complainant requested to amend the amount asked for in the bill of complaint to show the balance due of Eight thousand six hundred ten and 43/100 ($8,610.43) dollars and the Court permitted said amendment.

At the conclusion of all the proof and upon the entire record, the Court finds that the complainant is entitled to a judgment against the defendant for Eight thousand six hundred ten and 43/100 ($8,610.43) dollars, plus interest, amounting to Five hundred fifty-nine and 68/100 ($559.68) dollars, and attorney's fees of Three thousand fifty-six and 70/100 ($3,056.70) dollars to Wilson West, attorney of record for complainant.

It is, therefore, ORDERED, ADJUDGED AND DECREED that the complainant, Commerce Union Bank, shall have and recover of the defendant, Nine thousand one hundred seventy and 11/100 ($9,170.11) dollars, plus the sum of Three thousand fifty-six and 70/100 ($3,056.70) dollars attorney's fee to Wilson West, Attorney, together with the costs of this cause, for which execution may issue, if necessary.

/s/ FRANK F. DROWOTA, III
CHANCELLOR

APPROVED FOR ENTRY:

/s/ Wilson West
Attorney for Complainant"

On January 10, 1972 motion was filed, signed by Joel H. Moseley, solicitor for Inquipco, Inc., to relieve defendant of the final judgment theretofore entered in the cause on the ground:

1. That at the time of the original service of process the defendant was not represented by counsel but entered an appearance in person before the Chancery Court, Part II, of Davidson County on July 13th, 1970 and was told that it was not necessary for him to be there on that date; and,

3. That the only notice of the filing of this suit received by the defendant was the original bill coupled with a subpoena, and that he received no subsequent notice of the proceedings in the case, not being represented by counsel he received no notice of the pro confesso.

On January 18th, 1972 defendant filed his Petition for a Writ of Error Coram Nobis, in which petition it is averred that a judgment for $9,170.00, plus $3,057.70 attorney's fees was entered against Inquipco, Inc., based upon a bill and pro confesso, and stating:

"Petitioner denies that it is fully liable thereon, and further denies that the defendant herein had a right to bring suit thereon at the time the original bill was filed."

It is further averred that petitioner would have made defense but for the fact that he did not receive notice of the actual

hearing of the cause and that petitioner was not represented by counsel, and that, therefore, he received no copy of a motion for pro confesso, and he avers:

"Petitioner was prevented from making its defense because of the failure of the complainant in the original cause to notify the petitioner herein of the time and place for the hearing of said cause."

The prayers of the petition are: (1) For notice of the petition and that the Chancellor's Fiat stand and operate as a Writ of Error Coram Nobis; (2) For a writ of supersedeas to stay all further proceedings; and (3) That at the hearing said decree be recalled, reversed and annulled.

The answer and cross-claim of defendant, Commerce Union Bank, admits the entry of the decree in question, denies any irregularity in obtaining judgment against petitioner; denies that the judgment would have been any different had the petitioner, original defendant, appeared in Court and, by way of cross-claim, asserts that its attorney is holding the funds in question subject to the orders of the Court, and prays for the legal rate of interest on said funds during the pendency of the cause on Petition for Writ of Error Coram Nobis.

The answer to the cross-petition joins issue.

The cause came on to be heard before Chancellor Drowota on the Petition for Writ of Error Coram Nobis, testimony of the parties and evidence introduced in Court, at the conclusion of which the Chancellor ruled on the case and, as is shown by the bill of exceptions, among other things, stated that Mr. Williams, President of Inquipco, Inc., after being served with process on June 17, 1970 calling for a response on July 13th, 1970, went to the Clerk's Office of the Chancery Court and inquired about the case and was informed that it would not be heard that day, whereupon, he, a layman, (the oral statement proceeds):

". . . went back to his office and waited from the period of July 13th, 1970 until November 6th, 1970, a period of time in which, under our old rules, a motion for pro confesso could have been placed on the Clerk and Master's docket. This was not done until the 6th of November, and the pro confesso was granted on November the 9th. It was after a pro confesso had been taken as to both defendants, on November the 9th, that he indicated, on November the 17th, he had a 'phone call from an attorney. . . . Under our pro confesso, it takes as confessed all of the items in the original bill of complaint. In this matter, the pro confesso was set aside as to Davis, and Davis went on and answered at a later date. I think the record indicates that the answer was filed in December—December 7th of '71—by the attorney representing Davis. But, even after that period of time, some sixteen months passed from the date of service which was the one notice in this case, up until the time the case was actually set in March for an October 5th date. The point I'm trying to make is that there were records available in the Court to be shown to anyone, be it Mr. Williams or his attorney. Number one, the pro confesso was taken against them back in November of '70 and, anytime after March the 19th, he could have found out that this case was set on October the 5th. Now, the decree and judgment didn't go down until October the 14th of '71, many days after the case was actually heard, and that judgment did not become final for some thirty days. We are here today on the writ of error coram nobis. Even looking at it, like I say, from a layman's standpoint of what he should and should not know, I feel like there has certainly been negligence on the part of the defendant, and I can't see that the proceedings to judgment were in any way irregular or illegal. . . .

I do not see that, under our old rules, the proceedings were irregular, and I don't think there was sufficient basis here today for this Court to grant the writ."

The foregoing oral findings were implemented by the entrance of the following decree on November 10, 1970:

"DECREE

"This cause came on to be heard on this the 27th day of October, 1972 before the Honorable Frank F. Drowota, III, Chancellor, holding Part II of the Chancery Court for Metropolitan Nashville and Davidson County, Tennessee, upon a Petition for a Writ of Error Coram Nobis, the answer and cross-claim of the defendant, Commerce Union Bank, and the answer to the cross-claim, the testimony of the petitioner's witness, other proof in the cause and the entire record, and argument of counsel, from all of which it appears to the Court that the original decree in the case of Commerce Union Bank vs. Inquipco, Inc., Rule No. 93468, was obtained in a lawful and legal manner, and that the complainant in that case complied with all the rules of law and of this Court in obtaining said judgment, and that the petitioner has failed to establish any legal reason to set aside the decree heretofore entered, and the Petition for a Writ of Error Coram Nobis should, therefore, be dismissed.

The Court further finds that the cross-claim of Commerce Union Bank is not entitled to interest and is, therefore, denied.

It is, therefore, ORDERED, ADJUDGED AND DECREED by this Court.

1. That the Petition for Writ of Error Coram Nobis is denied.

2. That the claim for interest by the cross-claimant is denied.

3. The costs of this cause will be paid by the petitioner.

4. To the foregoing action of the Court, the petitioner prays an appeal to the next term of the Court of Appeals, State of Tennessee, sitting at Nashville, and said appeal is by the Court granted upon the petitioner's executing an appeal bond within thirty (30) days from the date of this Decree and filing the Bill of Exceptions within sixty (60) days.

/s/ Frank F. Drowota, III
CHANCELLOR

APPROVED FOR ENTRY:

Solicitor for Complainant

/s/ Wilson West
Solicitor for Defendant"

ASSIGNMENT OF ERROR

The single assignment of error is:

"The Court erred as a matter of law by holding that the original decree was obtained in a lawful and legal manner."

The thrust of the petitioner's argument is that the obtaining of the pro confesso and the following judgment on the bill of complaint and pro confesso are void as having been obtained without due process of law; that any system of judicial rules which prevents defendant from having his day in Court violates due process.

Section 21–501, T.C.A. provides that a bill, or cross-bill, or equivalent, may be taken for confessed in the following cases:

"(1) When, being duly served with process, as provided in chapter 2 of this title, the defendant fails to plead, answer, or demur by the time fixed by law."

Section 21–503, T.C.A. provides that, whenever an order pro confesso is lawfully had, the allegations in the bill, or cross-bill, or equivalent, are taken as admitted, except in certain cases not pertinent to the present inquiry.

It is to be noted that the foregoing statutes were in effect at the time the pro confesso was entered in the instant case.

In Martin v. Wood, 212 Tenn. 389, 370 S.W.2d 478, it was held:

"Upon being personally served with summons, and properly brought before court, the defendant was given actual notice of the suit and was charged with notice of all subsequent steps to be taken in the case down to and including the final judgment, although he did not in fact appear and had no actual notice of such steps."

We are convinced that the Chancellor was not in error in dismissing the Petition for Writ of Error Coram Nobis in this cause, and that the petitioner was not denied due process in the rendering of the judgment in question. It results that the assignment of error is overruled and the judgment of the Chancellor is affirmed.

Affirmed.

PURYEAR and TODD, JJ., concur.