Dallas VOYLES, Plaintiff–Appellee,

v.

STATE FARM INSURANCE CO., Defendant–Appellee,

Bank of Roane County, Intervening Garnishor–Appellant.

Court of Appeals of Tennessee, Eastern Section.

June 18, 1987.

Permission to Appeal Denied by Supreme Court Dec. 28, 1987.

J. Scott McCluen, Harriman and J. Polk Cooley, Rockwood, for plaintiff-appellee, Dallas Voyles.

Browder G. Williams, Harriman, for intervening garnishor-appellant, Bank of Roane County.

## OPINION

ANDERSON, Judge.

This is an appeal from the trial court's Order Quashing Garnishments.

Plaintiff–Appellee, Dallas Voyles, sued State Farm seeking to recover for the fire loss of his home. Following a jury trial, the trial court entered a judgment in Voyles's favor, on September 17, 1986, for $65,700. The judgment reserved a lien against one-third of the judgment for Voyles's attorney's fee. State Farm paid the entire money judgment into the office of the Circuit Court Clerk and did not appeal the judgment against it.

Beginning on October 27, 1986, three executions by garnishment were filed against the Circuit Court Clerk seeking to garnish the State Farm money judgment in order to satisfy judgments against Voyles. Those three executions by garnishment were as follows:

(1) October 27, 1986; Allen Voyles, $8,738 judgment awarded in *Allen Voyles v. Dallas Voyles,*

(2) October 30, 1986; Bank of Roane County, $29,935.52 judgment awarded in *Bank of Roane County v. Dallas Voyles,* and

(3) October 30, 1986; State of Tennessee, $9,398.50 judgment representing fines levied in *State of Tennessee v. Dallas Voyles.*

On November 5, 1986, the Roane County Circuit Court Clerk moved the trial court to quash the garnishments, and the trial court ordered on December 8, 1986, that the garnishments be quashed and that the clerk pay over the funds to Voyles and his attorney. The court stayed the order pending this appeal, except for those funds subject to the lien of Voyles's attorney.

It has long been the rule in Tennessee that funds in the custody of clerks of the courts are funds *in custodia legis* —in the custody of the law—and are not subject to execution at law and cannot therefore be reached by garnishment. *Drane v. McGavock,* 26 Tenn. 132 (1846); *Massey v. Holmes,* 189 Tenn. 677, 680, 227 S.W.2d 25, 26 (1950); *Martin v. Wood,* 212 Tenn. 389, 395, 370 S.W.2d 478, 480 (1963); *Pennebaker v. Tomlinson,* 1 Cooper Chanc. 111, 117 (1873).

As the Supreme Court held in *Massey,* "No person deriving his authority from the law, and obliged to execute it according to the rules of law, can be charged as garnishee ... in respect of any money or property held by him in virtue of that authority." 189 Tenn. at 679, 227 S.W.2d at 26. The Court went on to approve the age-old rule

> that while property or money is in *custodia legis,* the officer holding it is the mere hand of the court; his possession is the possession of the court, and to interfere therewith is to invade the jurisdiction of the court itself, an officer so situated being bound solely by the orders and judgments of the court whose mere agent he is, and having no right to make any disposition of such money or property without the consent of his own court, express or implied. Hence, in the absence of express statutory authority therefor, it is settled law that, in general, property or funds in *custodia legis* are not subject either to attachment or to execution.

189 Tenn. at 680, 227 S.W.2d at 26, *citing with approval* 4 Am.Jur. *Attachment & Garnishment* § 386 (1936).

Appellant argues that all these cases preceded the Legislature's revision of the garnishment statutes, which redefined "property, debts, and effects" to include judgments before all Tennessee courts, rather than merely judgments before justice of the peace courts. *Compare* T.C.A. §§ 26-2-201(1), (2), -202 (1980)[1] *with* T.C.A.

---

1. **26-2-201. Definitions.**—As used in this part:

(1) "Property, debts, and effects," include real estate and choses in action, whether due or not, and judgments before a court; also money or stocks in an incorporated company.

(2) "Court" means the court of general sessions, the courts of record or any other courts duly established under the law of Tennessee.

. . . .

**26-2-202. Property, debts, and effects liable to satisfy judgment.**—All property, debts, and

§ 26–505 (1955) [2]. The fundamental issue, however, is not the definition of "property, debts, and effects" but, rather, the definition of "garnishee" under T.C.A. § 26–2–202, and the statute does not change the common law rule that clerks of court are exempt from garnishment.

Appellant suggests also that in all the reported cases funds in the hands of a clerk of court were not garnishable because they remained subject to the order of the court. Appellant asserts that, because the Court here has already ordered the disbursement of the funds, the clerk is now the agent of the plaintiff and his attorney —those who will receive the funds—rather than of the court. We do not agree.

Whether the court has ordered the disbursement of funds in the custody of the clerk of the court is irrelevant. The Supreme Court made clear in *Scott County Nat'l Bank v. Robinson* that "as a matter of public convenience and policy [the clerk's] control and custody over the funds cannot be interfered with. He does not have the legal title to the funds, but is merely the representative of the court, as much so as if he were a machine. The funds which he holds are subject to the orders and directions of the court." 143 Tenn. 356, 363, 226 S.W. 218, 220 (1920). This is still sound public policy. To require court clerks to pay money judgments in their possession in accordance with the garnishment statutes potentially would cause conflicts between the orders of different courts. In the instant case, the clerk's compliance with the garnishment order would necessarily contravene the direct order of her court and would also make her potentially liable to Appellee for the judgment funds plus interest and statutory damages.[3]

We find that the trial court was correct in granting the motion of the court clerk to quash the garnishments. The judgment of the trial court is affirmed and remanded. Costs of this appeal are taxed to the Appellant.

SANDERS, P.J. (E.S), and GODDARD, J., concur.

effects of the defendant in the possession of the garnishee, or under his control, shall be liable to satisfy the plaintiff's judgment, from the service of the notice, or from the time they came to his hands, if acquired subsequent to the service of notice and before judgment.

2. 26–505. Property subject to garnishment.— All property, debts, and effects of the defendant in the possession of the garnishee, or under his control, shall be liable to satisfy the plaintiff's judgment, from the service of the notice, or from the time they came to his hands, if acquired subsequent to the service of the notice, and before judgment. The words "property, debts, and effects" include real estate and choses in action, whether due or not, and judgments before a justice of the peace; also money or stocks in an incorporated company.

3. T.C.A. § 25–3–111. Judgment against clerks. —Judgment may be had summarily by motion against the clerk of any court in this state, in the following cases:

(1) For failing to pay over to the party entitled, on demand, money received by him on any judgment or execution, or paid into court upon a plea of tender or any other plea, or under an order or rule of court, judgment for the sum so received, with interest, and twelve and one-half percent (12½%) damages; ... (1980).