**SENECA INSURANCE COMPANY,**
**Plaintiff,**

Kris Wellborn, Proposed Intervenor–
Appellee,

v.

**Wayne DANIEL, Defendant–Appellant.**

**No. 02–6557.**

United States Court of Appeals,
Sixth Circuit.

March 30, 2004.

William C. Killian, Jasper, TN, for Intervenor–Appellee.

Daniel Kane, Atlanta, GA, for Defendant–Appellant.

Before ROGERS and COOK, Circuit Judges, and SCHWARZER, District Judge.[*]

ROGERS, Circuit Judge.

Seneca Insurance Company ("Seneca") filed the instant suit in the United States District Court for the Eastern District of Tennessee (the "Seneca Action") against Wayne Daniel, the appellant, seeking a declaration as to whether Daniel was entitled to the proceeds of a fire insurance policy. Pursuant to an order of the district court, Seneca deposited the $145,000 in disputed insurance proceeds in an escrow account at Frontier Bank in Chattanooga, Tennessee. In a separate action (the "Garnishment Action"), Kris Wellborn, the appellee, who had registered a foreign judgment with the district court, obtained a writ of garnishment to attach

---

[*] The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

the disputed insurance proceeds. Wellborn also moved to intervene in the Seneca Action. On March 26, 2002, the district court entered an order granting Daniel summary judgment against Seneca and awarding Daniel the disputed insurance proceeds, denying Wellborn's motion for intervention, and quashing the writ of garnishment. However, the order also directed Frontier Bank to hold the insurance proceeds for a period of thirty days to allow Wellborn to obtain a second writ of garnishment. Wellborn soon served a second writ of garnishment on Frontier Bank, and Daniel moved to quash the garnishment. On December 3, 2002, the district court entered an order denying Daniel's motion to quash the garnishment and directing Frontier Bank to disburse the insurance proceeds to Wellborn pursuant to the writ of garnishment.

On appeal,[1] Daniel contends that the district court erred by directing Frontier Bank to continue to hold the disputed insurance proceeds in the March 26 order and by directing Frontier Bank to disburse the proceeds to Wellborn in the December 3 order. Specifically, Daniel asserts that (1) the district court lacked the authority to authorize the garnishment of the proceeds because Frontier Bank held the funds *in custodia legis*, and (2) the district lost jurisdiction over the proceeds when it granted Daniel's motion for summary judgment against Seneca.

Having studied the record on appeal and the briefs of the parties, we conclude that the judgment of the district court should be **AFFIRMED** upon the reasoning set out in the district court's memorandum opinion,[2] which was entered on December 3, 2003, with the district court's December 3 order. Under Tennessee law, which controls the garnishment proceedings, *see* Fed.R.Civ.P. 69(a), the doctrine of *custodia legis*[3] does not prohibit a court from authorizing the garnishment of funds held *in custodia legis* at its direction. The district court did not "lose jurisdiction" over the insurance proceeds when it granted Daniel summary judgment against Seneca because the March 26 order, which

1. Wellborn asserts that the court lacks jurisdiction over Daniel's appeal because Daniel appealed the Seneca Action, to which Wellborn was not a party, rather than the Garnishment Action. Contrary to Wellborn's argument, Daniel's notice of appeal suffices to vest this court with jurisdiction over the Garnishment Action as well as the Seneca Action. *See* Fed. R.App. P. 3(c) (providing that a notice of appeal must (1) specify the party taking the appeal, (2) designate the judgment or order appealed, and (3) name the court to which the appeal is being taken). Though Daniel's notice of appeal omitted the case name and number for the Garnishment Action, it does specify the party taking the appeal, name the court to which the appeal is taken, and designate the March 26 and December 3 orders, which were entered in both the Seneca Action and the Garnishment Action. *See Felts v. Campbell*, No. 96–6729, 1998 WL 13403 (6th Cir. Jan. 7, 1998) (holding that the designation of an order entered in each of a pair of consolidated cases, which

granted summary judgment to the defendant in each case, vested the court with jurisdiction over both cases even though the appellant failed to include the case name and number for one of the cases in her notice of appeal); *Scherer v. Kelley*, 584 F.2d 170 (7th Cir.1978).

2. The opinion incorporates by reference the district court's memorandum, previously filed in the district court, in opposition to a mandamus petition that had been filed in this court.

3. "The doctrine of *custodia legis* mandates that when a court has custody of property through its officer or representative, such as a clerk, who holds the property subject to the orders of the court, another court should not interfere with the property through execution or attachment." *State v. Vukelich*, No. M2001–01184–CCA–R3CO, 2002 WL 31249910, at *4 (Tenn.Crim.App.2002) (citing *Massey v. Holmes*, 189 Tenn. 677, 227 S.W.2d 25, 26 (1950)).

granted the summary judgment, was a conditional judgment.